447 A.2d 1023

Anthony PROCACINA, Claire Procacina, John Jay Procacina, Anthony Procacina, Randy Jackson, and Edward Jackson, Appellants,

v.

Anthony SUSEN, Perry Lee Fisher, Louis N. Scotti, Dillip Gole, St. Francis General Hospital, Lafayette Pharmacal, A Division of Alcon Laboratories, Inc., and Taylor Pharmacal Company.

Superior Court of Pennsylvania.

Argued Oct. 26, 1981.

Filed July 9, 1982.

Kenneth W. Behrend, Pittsburgh, for appellants.

William Weiler, Pittsburgh, for appellees.

Before SPAETH, HESTER and JOHNSON, JJ.

JOHNSON, Judge:

In 1979, Appellants filed a complaint in trespass [Lawsuit # 1] with the Arbitration Panels for Health Care.[1] The complaint alleged, *inter alia*, injuries to Anthony Procacina resulting from the use of a solution known as Pantopaque which was administered to him for the purpose of taking myelograms. The complaint named all the defendants named in this case, except appellee Taylor Pharmacal Company, who was later joined as an additional defendant by defendant Lafayette Pharmacal.

1. *See* the Health Care Services Malpractice Act, Act of October 15, 1975, P.L. 390, No. 111, § 101, as amended; 40 P.S. §§ 1301.101– 1006 (Purdon Supp. 1981). § 1301.309 of the Act provides for original exclusive jurisdiction in the arbitration panels for claims against health care providers and against nonhealth care providers made parties defendant with a health care provider.

394

In 1980, and thus after the complaint was filed, the Pennsylvania Supreme Court ruled, in *Mattos v. Thompson*, 491 Pa. 385, 421 A.2d 190 (1980), that the section of the Health Care Services Malpractice Act which gave health care arbitration panels original exclusive jurisdiction over medical malpractice claims was unconstitutional. Accordingly, the additional defendant transferred the case from the jurisdiction of the health care arbitration panels to the Court of Common Pleas.

Subsequently, on December 30, 1980, the appellant/plaintiffs filed a second lawsuit [Lawsuit # 2] against the same defendants, in the same Court of Common Pleas. Lawsuit # 2 is the subject of the instant appeal. The complaint in Lawsuit # 2 is in trespass against all the defendants, and in trespass and in assumpsit, alleging breach of warranty, against the corporate defendants. Defendant/appellee Taylor Pharmacal Company filed preliminary objections raising, *inter alia*, the statute of limitations,[2] and supplemental preliminary objections raising the defense of *lis pendens*, based on the pendency of Lawsuit # 1. After a hearing the trial court dismissed Lawsuit # 2 on the grounds that the two lawsuits were identical. It is this dismissal from which the plaintiffs appeal.

The law is quite clear that *lis pendens* is a valid defense only when the parties, the causes of action and the relief sought are the same in both actions. *Glazer v. Cambridge Industries, Inc.*, 281 Pa.Super. 621, 422 A.2d 642 (1980); *Taylor v. Humble Oil and Refining Co.*, 225 Pa.Super. 177, 311 A.2d 324 (1973). In *Commonwealth ex rel. Lindsley v. Robinson*, 30 Pa.Commw. 96, 372 A.2d 1258 (1977), the court stated that the burden is on the moving party to show that in each case the same parties are involved, the same rights asserted, and the same relief sought. *Id.*, 30 Pa.Commw. at 100, 372 A.2d at 1260. By merely asserting that prior actions are pending, the moving party will fail to meet this burden. *Id.*

2. *But see* Pa.R.C.P. 1017(b) and Pa.R.C.P. 1030.

In the case before us, appellee, the party who moved for dismissal on the grounds of *lis pendens*, asserts that the claims in negligence and strict liability in the two lawsuits are the same and that the parties are the same. As to the new claim in Lawsuit # 2, i.e., the claim in assumpsit, appellee contends that this breach of warranty claim is identical to the strict liability claims and thus the difference is merely one of form, and that the breach of warranty claim was added to avoid the effect of the two year statute of limitations on the claim in trespass.

In *Hessenbruch v. Markle*, 194 Pa. 581, 45 A. 669 (1900), our Supreme Court said: "As to the averment of lis pendens . . . it is purely a question of law determinable from an inspection of the records in the two causes." 194 Pa. at 593, 45 A. at 671. The court went on to quote the test laid down in an earlier lower court case. "A plea of former suit pending must allege that the case is the same, the parties the same, and the rights asserted and the relief prayed for the same; and where the truth of the plea can be ascertained by an inspection of the record, the court will determine the question without a reference [of the matter to a master]." *Id.*

In the *Hessenbruch* case the lower court and the supreme court had before them the pleadings and were able to compare them paragraph by paragraph. Both courts concluded that the plea of *lis pendens* should not be sustained.

In the matter now before us, the lower court in its Pa.R.A.P. § 1925(a) opinion merely states, as its reasons for dismissing Lawsuit # 2, that the two lawsuits filed are identical and seek the same relief, and cites *Taylor v. Humble Oil, supra.*

We are unable, from the mere assertions of identity of parties, of causes of action and of relief requested, to form an opinion as to whether there is such identity. We must therefore remand to the lower court, either for insertion into the record of the pleadings in Lawsuit # 1, or for an opinion which describes to this court with specificity

where the identity of the elements was found. Should the lower court decide that there is no identity of causes of action, the lower court should consider consolidating the two lawsuits. *See, e.g., Raw v. Lehnert,* 238 Pa.Super. 324, 357 A.2d 574 (1976).

The order dated March 13, 1981 is vacated and the case is remanded to the lower court for further proceedings consistent with this opinion. Jurisdiction is not retained by this court.