## Horn v. Horn

*Donald J. Balsley Jr.,* for plaintiff.
*Wesley F. Hamilton,* for defendant.

ACKER, *P.J.,* October 17, 1988 — We have for consideration preliminary objections to a complaint in assumpsit seeking enforcement of a separation agreement. The preliminary objections of defendant contend that plaintiff is barred from proceeding because efforts to recover under the agreement by a wage attachment for arrearages have been stayed by the Court of Common Pleas of Lawrence County. It is contended this comprises a prior action pending. Defendant by his preliminary objection also contends through a motion to strike that there has been a lack of conformity to law in that in this civil action in assumpsit plaintiff prays for relief afforded through Act 1988-13 (23 P.S. §503) and Act 1988-35 (23 Pa.C.S. §4302 et seq.) without compliance with those provisions of the law.

Finally, it is contended that plaintiff is seeking equitable relief although bringing an action in assumpsit and that the action if heard at all should be heard by the equity section of the court.

The parties to this action were married at South Charleston, West Virginia, on August 2, 1975. As a result of their union, Robert Cameron Horn was born on July 4, 1981, and Jason Gregory Horn was born on July 23, 1984. Plaintiff, Carol Sue Horn, was pregnant with the second child at the date of the agreement. Both children reside with the natural mother.

Prior to the divorce of the parties in Licking County, Ohio, on September 17, 1984, the parties entered into the agreement of March 21, 1984,

which provided that the children were to be under the primary care, custody and control of the natural mother, Carol Sue Horn. Child support was provided in that defendant, Ronald Joe Horn, was to pay $120 per week for the support "of the minor child or children of the parties" commencing on the date of the agreement and each week thereafter until the minor children reached the age of 18 provided that they are not still enrolled in an accredited high school education program. All payments for support were to be made directly to the wife or by depositing payments directly to the wife's checking account. If there is any discrepancy, according to the agreement, as to payments, it shall be the husband's burden to prove that the payments are current. The agreement also provided that the husband was to pay the wife $50 per week in alimony until her death or remarriage. The agreement also provided a trust for the children with the wife as trustee and the child or children as sole beneficiaries. Commencing on the date of the agreement there was to be a maximum of $800 per year plus a $25 savings bond every other month for each child to be placed in trust for the purpose of creating a fund for the education of the children. This was to continue until the children reached age 18 or were no longer enrolled in high school, whichever event occurred last. The husband was also to transfer 44 shares of Kroger stock into a trust for Robert C. Horn and the wife was to transfer 20 shares of stock in AT&T into a trust for the youngest child upon his or her birth.

On August 2, 1984, also prior to the divorce of September 17, 1984, the parties amended the agreement of March 21, 1984, to acknowledge there were now two children of the parties to the marriage. The second child, Jason Gregory Horn, was

born on July 23, 1984. This amendment was made at Newark, Licking County, Ohio.

The decree of dissolution of marriage recites that the parties appeared before the court in a hearing and acknowledged under oath that they voluntarily entered into a separation agreement appended to the petition and that they were seeking a dissolution of their marriage. The separation agreement including any amendments thereto was approved and incorporated as part of the decree.

A second amendment was made to the separation agreement on October 10, 1985, being after the divorce. This amendment to the agreement was for the purpose of clarifying the paragraph entitled Trusts for Children of the Separation Agreement. It brought into the picture William A. Crigger, brother of Carol Sue Horn, to act as trustee in the event of Carol Sue Horn's death. It further required that the trustee submit to Ronald Joe Horn a yearly financial statement of each child's account and to consult with Ronald Joe Horn when necessary regarding investments made for the children. It was provided that if there was any money left in the trust after a child attained age 30, that the parties, Carol Sue Horn and Ronald Joe Horn, would mutually agree as to the disposition of the money.

It appears that since these agreements, Carol Sue Horn became a resident of Charleston, West Virginia, while Ronald Joe Horn became a resident of R.D. no. 4, West Middlesex, Pennsylvania, but is employed by Waldman's Meats, Box 692, New Castle, Lawrence County, Pennsylvania.

The West Virginia Department of Human Services became involved in efforts to enforce the agreement as to support. An affidavit was filed by Carol Sue Horn that the arrearage owing under the agreement as of March 1988, from March 1984,

was in the amount of $12,970. One of the difficulties as is readily apparent is that payments were not directed to be made through a governmental agency, such as Domestic Relations Section. However, proceeding in West Virginia, Carol Sue Horn filed a certificate as to the amount which she computed as being owing. A family law master in West Virginia sent a copy of the recommended decision accepting her accounting to both parties and their respective counsel on February 10, 1988. Attached was a month-to-month, year-to-year breakdown of what defendant paid as opposed to what he owed. It demonstrated that he had paid $30,884.33, but that he should have paid $43,855. There were no payments shown for the year 1988. On or about April 18, 1988, defendant through his attorney paid child support in the amount of $1,440 in one check.

The efforts by Carol Sue Horn to enforce the separation agreement while a resident in West Virginia on Ronald Joe Horn, a resident in Pennsylvania was under West Virginia Code 48A, Article 7, section 1 et seq., known as the revised Uniform Reciprocal Enforcement of Support Act. Although Ronald Joe Horn was notified of a meeting before the Child Advocate's Office in West Virginia on January 15, 1988, to settle any mistake of facts raised in writing by the Child Advocate Office, he did not appear. He was further notified that if he did not respond in writing or appear, income withholding would proceed automatically by notification from the Child Advocate Office to his source of income. He was also notified that if the meeting with the Child Advocate Office failed to resolve any contested mistake of fact, a hearing on the proposed withholding would be held at the Kanawha County Family Law Master's Office at the Old Courthouse in Charleston. No exceptions were filed to the finding by the

master and a judge of the circuit of Kanawha County entered an order approving income withholding. This decision was mailed to the defendant's attorney. The arrearages claimed at the time from September 17, 1984, to November 26, 1987, were in the amount of $10,550.67.

We do not have a copy of the pleadings or record of Lawrence County in this matter. We do, however, have a stipulation between the parties of May 11, 1988, as to certain facts over the signature of Glenn McCracken Jr., President Judge of the Lawrence County Court of Common Pleas which the parties agree can be used in determining these preliminary objections.

Upon these facts this matter must be determined.

## Must the Complaint Be Dismissed Because of the Pendency of a Prior Action?

Although the designation of that requested is not set forth in the preliminary objection, by brief and oral argument defendant asserts the defense of lis pendens. This defense is specifically allowed by Pa. R.C.P. 1017(5), 42 Pa.C.S.

Defendant has furnished this court by attachment to his brief a copy of the stipulation of May 11, 1988, previously referred to, notice to Ronald J. Horn of hearing on arrearage in West Virginia, notice of master's finding, order of income withholding from West Virginia, and stay of order of Judge McCracken of May 11, 1988. We assume these are all the pleadings and exhibits filed or presented to Judge McCracken of the Lawrence County courts but there is no representation that they do comprise the entire pleadings. It appears that the action is one of wage attachment in the Lawrence County courts and that the defense is that the order for income withholding forwarded by the authorities of

West Virginia to the Lawrence County authorities was not properly entered and is, therefore unenforceable. This action in Mercer County is a suit upon the agreement of the parties for a judgment for arrearage owing, but in addition, a request that security be entered to insure future payments, that an attachment proceeding be authorized, that counsel fees and costs be ordered, that defendant's wages be attached and that he be found in contempt of court.

The mere allegation that a prior action was pending will not carry the moving party's burden. That party must allege and prove that in both actions "the same parties are involved, the same rights asserted, and the same relief sought." *Lowenschuss v. Selnick,* 324 Pa. Super. 193, 471 A.2d 529 (1984); *Klein v. City of Philadelphia,* 77 Pa. Commw. 251, 465 A.2d 730 (1983); *Procacina v. Susen,* 301 Pa. Super. 392, 447 A.2d 1023 (1982). This rule was first established in *Hessenbruch v. Markle,* 194 Pa. 581, 45 Atl. 669 (1900).

Lis pendens is a valid defense only when the party's cause of action and relief sought are the same in both actions. *Procacina* at 394, 447 A.2d at 1025; *Klein supra; Feigley v. Jeffes,* 104 Pa. Commw. 540, 546, 522 A.2d 179, 182 (1987).

It is readily apparent that the action for attachment found in Lawrence County at no. 205 of 1988 is not the same as the action before this court for consideration. The order of the Kanawha County, West Virginia, court, being civil action no. UCCJA 86-4 of January 18, 1988, is for income withholding and was filed by the Child Advocacy Bureau of Charleston, West Virginia. That bureau determined that defendant was in arrears in the amount of $11,450.67 from September 17, 1984, to January 19, 1988, and granted a judgment in that amount.

The defendant's employer is to withhold 10 percent of defendant's disposable income per month until the arrearage is paid in full. As previously noted, this order is stayed by the Lawrence County court. If that stay is made permanent, the West Virginia order of February 23, 1988, will be unenforceable in the Lawrence County courts. Such a decision will not determine whether there is a right to recover by Carol Sue Horn against defendant, Ronald Joe Horn, in an action of assumpsit. Nor will it determine whether plaintiff can require security to insure future payments, award counsel fees and costs, and find defendant in contempt.

Wherefore, it is very clear that the cause of action is not the same as here present. Wherefore, the preliminary objections on the grounds of lis pendens must be denied.

*Motion to Strike Because of Lack of*
*Conformity to Law*

The argument of the defense as advanced through its brief is particularly unenlightening. It states,

"There is no way to further brief the situation aside from to say that plaintiff has elected to file an action in assumpsit, is attempting to circumvent her own interstate reciprocal support action and is at the same time violating our statutes and rules, and is attempting to utilize equitable relief called for by statute without plaintiff complying with the terms of the statutes."

The statutes are not named in the motion to strike. Rather, it is contended in paragraph 6,

"Plaintiff filed this action as a civil action for breach of the separation agreement and she did not file this action as a request for enforcement of a foreign divorce decree nor as a request for enforcement of a foreign support order."

Support agreements entered into voluntarily do not differ from any other contract. *Hollman v. Hollman,* 347 Pa. Super. 289, 500 A.2d 837 (1985), reversed on other grounds, 515 Pa. 288, 528 A.2d 146 (1987). Property settlement ageements between husband and wife will be enforced by the courts in accordance with the same rules of law applying to determining validity of contracts generally. *VanKirk v. VanKirk,* 336 Pa. Super. 502, 485 A.2d 1194 (1984).

Plaintiff, Carol Sue Horn, could have proceeded in this court for enforcement of a foreign decree. Act no. 1988-13 amending 23 P.S. §506 provides that when a person is subject to a valid decree of a sister state for the payment of alimony, temporary alimony, or alimony pendente lite, she may petition the court where the obligor or his property is located to register, adopt as its own and to enforce the decree as a duly issued and authorized decree of a sister state. If this is done, upon registration, the relief available for its enforcement is provided for at law in equity or by court rule as in similar cases had they originally been commenced in this commonwealth. Likewise, the obligor in such actions has available to him the defenses and reliefs that would have been available to him as if he were in the state when the original decree was entered. He has the right to question the jurisdiction of that court. Interest may be awarded. Security may be required to insure future payments as in cases originally commenced in this commonwealth. A similar right is given for the distribution of marital property by a recent amendment of February 12, 1988, to 23 P.S. §506.

In addition, Act 13, approved February 12, 1988, 23 P.S. §401.1 provides that a party to an agreement regarding matters within the jurisdiction of the court under this act whether or not the agreement

has been merged to incorporate it into the decree, may utilize a remedy or sanction set forth in this act to enforce the agreement to the same extent as though the agreement had been an order of court except as provided to the contrary in the agreement. Read literally, it would appear, therefore, that the agreement of these parties entered into in the State of Ohio is enforceable to the same extent as though the agreement had been an order of court. Neither of the above-mentioned sections of Act 13, however, make any effort to deny plaintiff the opportunity to start at the bottom by obtaining a judgment through an action in assumpsit, as attempted here. Certainly, plaintiff, Carol Sue Horn, now attempting to obtain that promised to her by Ronald Joe Horn as reduced to an agreement between the parties prior to their divorce must be given the right to prove her claim. Act no. 1988-35 effective March 25, 1988, 23 P.S. §4302 defines a judgment by operation of law as one which exists without the need of any ministerial act and which arises out of the existence of facts readily verifiable from the Domestic Relations Section records. The existence of a valid support order and non-payment of the order together create the judgment. To be applicable the facts must come from the Domestic Relations Section records. In this case the parties elected to have payment made directly to plaintiff, Carol Sue Horn, by Ronald Joe Horn, defendant. Therefore, the existence of the records to support a judgment by operation of law is not present. This supports the wisdom of plaintiff, Carol Sue Horn, to pursue the action as sought in assumpsit to secure a judgment which could not be attacked as is now occurring in the Court of Common Pleas of Lawrence County.

The final issue is whether this matter should be transferred to the equity side of the court. We do not

conclude it to be required. By Act of 1983-13, §401, 23 P.S. §401(b) the court which heard the divorce has full authority to enforce any agreement voluntarily entered into between the parties. The fact that the divorce was entered in a common pleas court in Ohio does not deny relief. Under section 401.1 of Act of 1988-13, 23 P.S. §401.1 a court of common pleas in Pennsylvania has the same right and duty to enforce such an agreement as if it was entered as part of a Pennsylvania divorce decree entered in Mercer County. Under section 502 of the act the court may order all of the enforcement tools asked for in this complaint. Equitable rights are incorporated in the civil action of divorce purposefully to make enforcement less cumbersome. There should be no further delay.

Hence this

## ORDER

And now, on October 17, 1988, it is hereby ordered and decreed that the preliminary objections of Ronald Joe Horn to the complaint in assumpsit of Carol Sue Horn are dismissed in their entirety.