# Smith *et al.* versus Lathrop *et al.*

Lis pendens *in another State.—Effect of Plea of in Action between same Parties in Pennsylvania.*

1. Except in cases governed by that clause of the Federal Constitution which gives "full faith and credit" in each state to judicial proceedings in every other state, the courts of the several states are foreign to each other.

2. Consequently the plea of *lis pendens* in another state, is not a defence to a suit between the same parties, for the same cause of action, at the same time, in Pennsylvania.

ERROR to the District Court of *Philadelphia.*

[Smith *et al. v.* Lathrop *et al.*]

This was an action of *assumpsit* by Lathrop, Luddington & Co., merchants residing in New York, against Patrick Smith, James Riley, and William Hughes, partners trading as Smith, Riley & Hughes, in Philadelphia.

The plaintiffs claimed to recover the amount of a book account. The defendants set up as a defence, that before and at the time the plaintiffs brought their suit against them, they had brought an action against them for the recovery of the same money, in the city of New York, and that said action was still pending and undetermined between the parties. This defence the court below ruled to be insufficient, and gave judgment for the plaintiffs below. This writ was thereupon sued out by defendants, who assigned for error the entry of judgment for plaintiffs, notwithstanding the affidavit of defence.

*B. H. Brewster*, for plaintiffs in error.—Whatever may be the law of other states, the law of Pennsylvania is in favour of this defence. It will avail as a plea in abatement in our courts : Toland *v.* Tichenor, 3 Rawle 321 ; Ralph *v.* Brown, 3 W. & S. 399 ; Earl *v.* Raymond and Raymond, 4 McLean 324. The law of these decisions is even older than Sparey's Case in 5 Coke 61, which was in 32 and 33 Elizabeth. It is found in the Year Book 39 Henry VI. 12, pl. 16, a careful rendering of which can be found, in a note by the reporter, in Commonwealth *v.* Churchill, 5 Mass. 177. The New York cases were at first conflicting, but afterwards asserted the opposite doctrine. They are all commented on by Pettit & Ingersoll, in their elaborate argument in Toland *v.* Tichenor, 3 Rawle 321, and are denied to have been law in Pennsylvania, and the court there treated them as of no value, and held such a plea good in Pennsylvania, when pleaded in proper form. The whole question is stated in the old law maxim, " *Nemo debet bis vexari pro unâ et eadem causa.*"

*Edward Olmsted*, for defendants in error.—The case of Toland *v.* Tichenor did not decide that the pendency of a suit for the same cause of action in a court of another state, between the same parties, is pleadable in abatement in Pennsylvania. In that case, the question was, if a plea which did not declare that the former suit was undetermined, was good. That it did not decide that a former suit, pending and undetermined, was a good plea in abatement, is shown by Lowry *v.* Hall, 2 W. & S. 133 ; Irvin *v.* The Lumbermen's Bank, 2 W. & S. 208. Toland *v.* Tichenor was decided in 1832. The cases of Lowry *v.* Hall, and Irvin *v.* Lumbermen's Bank, in 1841. The case in the Year Book and the case in 5 Mass. are not law in Pennsylvania. The first decides that the plea of a former suit is good, although it be not pending, which is contrary to Toland *v.* Tichenor. And the

second, that the suits need not be by the same plaintiffs; and this is contrary to the case of Cornelius *v.* Vanarsdallen, 3 Barr 434. The question here seems to be settled by the case of Hogg *v.* Charlton, 1 Casey 200. The states of the Union in regard to the matter in hand stand to each other in the relation of foreign states: White *v.* Whitman, 1 C. C. Rep. 494 (decided 1853). The pendency of a prior suit in a state court is not a good plea in abatement to a suit *in personam* in this court. At common law the pendency of a suit in a foreign court was not a good plea in abatement. In respect to all proceedings prior to judgment, the courts of the different states must be considered as so far foreign to each other, that a remedy sought by judicial proceedings under one, cannot be treated as a mere and simple repetition of a remedy sought under another. See 2 Curtis 559 (decided 1855); Williams *v.* Ayrault, 31 Barbour 364 (decided 1860); Colt *v.* Partridge, 7 Metcalf 570 (decided 1844); Salmon *v.* Wootton, 9 Dana (Kentucky) 422 (decided 1840); McJilton *v.* Love, 13 Illinois 486 (decided 1851).

The opinion of the court was delivered, February 26th 1863, by

READ, J.—The question in this case arises upon an affidavit of defence, alleging the pendency of a prior action by the same plaintiff against the same defendants, for the same cause of action in the city of New York, in the state of New York, and which is still undetermined. It is proper that such a question should be definitely settled.

In England it may be pleaded that there is another action depending for the same trespass, or other cause of action in the same or any other superior court at Westminster. But it was decided by the Privy Council, 1792, in Bayley *v.* Edwards, 3 Swanston 703, by Lord Camden and the Master of the Rolls, Sir Richard Pepper Arden, afterwards Lord Alvanley, that a suit pending in England is not a good plea to the jurisdiction to a subsequent suit in Jamaica for the same cause of action. Lord Camden said: "The plaintiff in England attempts to set up the suit here in bar of the jurisdiction of Jamaica, but the causes for allowing the plea of double suits are all where the suits are in courts here, while this is of a second suit in a court which is a foreign court, inasmuch as this country has no process to enforce its decrees in the islands." "As to the inconvenience considering the difficulties of administering justice between parties occasionally living under the separate jurisdictions, I think the parties ought to be amenable to every court possible where they are travelling from country to country, and we must then endeavour to correct the mischiefs of these double suits, as much as we can, by allowing in each country the benefit of all the other proceedings in the other part of the king's dominions."

[Smith *et al. v.* Lathrop *et al.*]

In Cox *v.* Mitchell, 7 Com. B. N. S. 55, it was held that proceedings pending between the same parties for the same cause of action, in one of the superior courts of the United States, was no ground for staying proceedings in an action in England. Erle, C. J., said : "No authority has been cited to support it. Although there may be some hardship in having proceedings pending in two countries at the same time, I think we are bound so to enforce the laws as to enable the plaintiff to obtain satisfaction of his debt. There would be great danger in interfering to prevent a man from being sued in this country, when he may have left his own for the very purpose of avoiding the consequences of a suit against him there." Williams, J., said : "The question is whether the fact of the plaintiff having another action pending against the defendant in a foreign court is a bar of his remedy in the courts of this country. I am not aware of any principle upon which such an argument could rest, and in the absence of any authority we cannot interfere."

This case was recognised to its fullest extent by the Court of Exchequer, on the 28th of May 1862, in Scott *v.* Lord Seymour, the decision in which has been since affirmed in the Exchequer Chamber. In this case the court held that an action for an assault and battery committed at Naples could be sustained in England, notwithstanding the pendency of civil proceedings for the same wrong in a Neapolitan court. The court said (31 L. J. Exch. 461): "Then it comes to this: that this is a wrong for which an action would lie here, and for which (as it is not negatived) we must assume an action will lie at Naples, but in respect of which, proceedings are pending at Naples at the plaintiff's instance. This, however, is no defence. It cannot be a defence in bar of the action. It would be no answer, even in abatement of the writ, that an action was pending here in an inferior court, and how in law or reason can it be an answer that it is pending in a foreign court, when the action is in no sense local? The case of Cox *v.* Mitchell is an authority to show that an action pending abroad for a wrong, is no ground for staying proceedings in an action here."

Now, it is clear that foreign judgments are those which are obtained in foreign courts, and in this category the English courts have included the courts of Scotland: Cowan *v.* Braidwood, 1 Man. & Gr. 382; Russell *v.* Smith, 7 Mees. & W. 810; the Irish courts: Sheehy *v.* Life Ass. Co., 3 Com. Bench, N. S., Exch. Ch. 597; the colonial courts of Jamaica (3 Swanst. 703); of Newfoundland: Henley *v.* Soper, 8 Barn. & Cr. 16; of the Canadas (5 House of Lords Cases 431), and of New South Wales: Bank of Australasia *v.* Nias, 16 Ad. & Ellis, N. S. 717, in which last case Lord Campbell says: "It has often been said, and by judges and judicial writers of great eminence, that the

[Smith *et al. v.* Lathrop *et al.*]

judgment of a colonial court of the British empire comes within the category of a foreign judgment," notwithstanding an appeal lies from them to the Queen in Council.

There are not less than fifty of these colonial dependencies, all of whose courts, in the sense used by Lords Camden and Campbell, are foreign, and are so treated by the courts at Westminster. The same doctrine in effect was enunciated by Judge Washington, in Buckner *v.* Finley, 2 Pet. 586. It was there decided that bills of exchange, drawn in one state of the Union on persons living in another state, are to be treated as foreign bills, just as bills drawn in England and payable in Scotland or Ireland, or *vice versâ*, were foreign bills (Mahoney *v.* Ashlin, 2 Barn. & Ad. 478, 22 E. C. L. R.), and so continued until the Mercantile Law Amendment Act 1856, 19 & 20 Vict. c. 97, by which bills drawn in one part and payable in any other part of the British Islands, are now inland bills ; and for similar reasons to those growing out of the difference of the laws and institutions of Scotland, England, and Ireland, although forming one united kingdom, it is said by Judge Washington, p. 590: " For all national purposes embraced by the Federal Constitution, the states and citizens thereof are one, united under the same sovereign authority, and governed by the same laws. In all other respects, the states are necessarily foreign to and independent of each other." They are each governed by their own laws, and, their courts having no extraterritorial power to enforce their decrees beyond their jurisdictional limits, they are in that sense foreign to each other, which is the clear and settled doctrine of the common law.

Then let us examine how this question stands upon authority in the United States ; and first as to New York, the pendency of a suit in which is set up as a defence to this suit. The mere pendency of a suit in a foreign court, or a court of the United States, or in the court of sister states, by an uniform course of decision in New York, cannot be pleaded in abatement or in bar to a proceeding in the courts of that state : Bowne *v.* Joy, 9 Johns. 221; Walsh *v.* Durkin, 12 Id. 99 ; Mitchell *v.* Bunch, 2 Paige 606 ; Cook *v.* Litchfield, 5 Sandf. (Sup. Court) 342 ; Williams *v.* Ayrault, 31 Barb. 364. Such also is the rule in Kentucky, Salmon *v.* Wootton, 9 Dana 422, in which case it is said that Hart *v.* Granger, 1 Conn. 154, is not sustained by authority, which is also the present opinion in Connecticut. In McJilton *v.* Love, 13 Illinois 494, and Goodall *v.* Marshall, 11 New Hamp. 99, the same doctrine is asserted. In White *v.* Whitman, 1 Curtis 494, Judge Curtis says, after speaking of the New York cases in 9 and 12 Johnson, "these cases seem to me to have been correctly decided. Though the Constitution and laws of the United States require that the judgments rendered in one state

[Smith *et al. v.* Lathrop *et al.*]

shall receive full faith and credit in another, yet in respect to all proceedings prior to judgment, the courts of the different states acting under different sovereignties, must be considered as so far foreign to each other that a remedy sought by judicial proceedings under one, cannot be treated as a mere and simple repetition of a remedy sought under another. There may be real advantages to be gained in respect of the property on which an execution may be levied, or otherwise by resorting to an action in another state, and the same considerations are applicable to a second suit in a Circuit Court of the United States while one is pending in a state court," and the same opinion is expressed by the same judge in Lyman *v.* Brown, 2 Curtis 559.

The most ample and learned discussion of the question is to be found in Hatch *v.* Spafford, 22 Conn. 485, where all the cases are reviewed, and the court unanimously arrived at the same conclusion. Opposed to these decisions is the case of Earl *v.* Raymond, 4 McLean 233. So far, therefore, upon reason and authority the rule seems to be settled, and the only remaining question is, whether there is any authoritative decision of our own courts leading to a contrary result.

In Toland *v.* Tichenor, 3 Rawle 320, it turned upon the form of the plea, which was held to be bad. In Lowry *v.* Hall, 2 W. & S. 133, Gibson, C. J., said: "The pendency of a prior suit in a foreign country cannot be pleaded in abatement of a suit for the same cause here, and it has been held that the states of the American Union stand in the relation of a foreign state as regards this particular matter." In Irvine *v.* Lumbermen's Bank, Id. 208, Justice Rogers makes a *quære* upon the principle of comity, which is clearly not applicable to New York; and in Ralph *v.* Brown, 3 W. & S. 399, Gibson, C. J., says: "Yet the substance of the plea was palpably bad; not, perhaps, because the pendency of an action in another state may not be pleaded in abatement of a subsequent action for the same cause here, but for the reason that the bill in equity pleaded here was not in fact for the same cause." As none of these contradictory and uncertain dicta were necessary for the decisions in these cases, we are left untrammelled by authority to decide the case before us on what we consider the settled law of the country, that the plea of *lis pendens* in another state is no defence to this action.

Judgment affirmed.