Harvey Klein, Appellant *v.* City of Philadelphia and United Fuel Oil & Burner Co., Inc., Appellees.

Argued June 6, 1983, before Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

252

*Neil A. Morris*, with him, *Gary Green, Sidkoff, Pincus, Greenberg & Green, P.C.*, for appellant.

*Leslie Simkin*, Assistant City Solicitor, with her, *Gail Mitchell, Paul R. Rosen and Jill A. Douthett*, Deputy City Solicitors, and *Mark A. Aronchick*, Acting City Solicitor, for appellees.

OPINION BY JUDGE CRAIG, September 22, 1983:

Harvey Klein appeals from a decision of the Court of Common Pleas of Philadelphia, which dismissed his taxpayer's suit challenging the award of two municipal contracts by the City of Philadelphia to United Fuel Oil & Burner Co., Inc. The ultimate issue is whether or not the trial court erred in dismissing Klein's complaint, on lis pendens grounds, in that an earlier taxpayer's suit on the same contracts was pending in federal court.[1]

After the city awarded the contracts to United, F. C. Haab, Co., Inc., a disappointed bidder, filed a

---

[1]. The trial court's opinion stated that:

Inasmuch as the instant case is essentially similar, if not in spirit identical, to the case of National Heat and Power Company vs. City of Philadelphia and United Fuel Oil and Burner Company, Court of Common Pleas of Philadelphia County, July Term, 1982, No. 2726, which was removed to the United States District Court for the Eastern District of Pennsylvania as Civil Action 82-3179 in that Court pursuant to 28 U.S.C. §1446(e), this Court dismissed it based on the doctrine of *lis pendens*, thereby avoiding a duplication of litigation.

taxpayer's action to contest that award. Haab settled its case, and a second disappointed bidder, National Heat and Power Co., then filed a taxpayer's suit. Because National's complaint alleged a federal claim, upon petition it was removed to the United States District Court for the Eastern District of Pennsylvania,[2] where it is currently pending. Klein then filed this action, the third taxpayer's suit, in the common pleas court.

The lis pendens, or prior action pending, doctrine permits a court to dismiss a suit when a pending case involves (1) the same parties, (2) the same cause of action and (3) the same relief.[3] Klein contends that the trial court did not properly apply those criteria. We agree.

Although both the *National* case and Klein's case are taxpayer's actions, the plaintiffs in the two suits are not the same party. The trial court did not have the benefit of our recent decision, *Sica v. City of Philadelphia,* 77 Pa. Commonwealth Ct. 97, 465 A.2d 731 (1983), where we held that, even though the plaintiff taxpayers in two taxpayer's suits are not the same party, a judgment in one suit, when reached, is binding in the second because of the representative nature of the taxpayer's action.[4]

The trial court need not, however, sanction the duplication of effort and waste of judicial resources that would result from allowing both cases to proceed

---

[2] The case appears on that docket as Civil Action 82-3179.

[3] *Procacina v. Susen,* 301 Pa. Superior Ct. 392, 447 A.2d 1023 (1982) ; *Commonwealth ex. rel. Lindsley v. Robinson,* 30 Pa. Commonwealth Ct. 96, 372 A.2d 1258 (1977).

[4] Because we reverse on the lis pendens issue, we do not reach Klein's third argument, that the trial court erred in deciding the case on oral preliminary objections.

simultaneously, in a race to judgment. The trial court has the inherent power to stay the proceedings in the second suit during the pendency of the first.[5]

Should the first case, *National*, reach final judgment on the state claim, that determination will be binding upon Klein's suit under the *Sica* rule. If the *National* case is settled, as the *Haab* case was, or otherwise discontinued, the court may lift the stay and permit *Klein's* case to go forward.[6]

Accordingly, we reverse and remand with direction that the case be stayed pending final judgment or other disposition in *National Heat and Power Co. v. The City of Philadelphia and United Fuel Oil & Burner Co., Inc.*

## ORDER

Now, September 22, 1983, the decision of the Court of Common Pleas of Philadelphia, No. 3395, dated July 28, 1982, is reversed and the case is remanded to that court with the direction that proceedings in the case be stayed pending final judgment or other disposition of *National Heat and Power Co. v. The City of Philadelphia and United Fuel Oil & Burner Co., Inc.*, docketed as Civil Action 82-3179 in the United States District Court for the Eastern District of Pennsylvania.

Jurisdiction relinquished.

---

[5] *Radio Corp. of America v. Rotman*, 411 Pa. 630, 192 A.2d 655 (1963).

[6] The city has filed a motion to dismiss for mootness, claiming that the individual plaintiff has now lost his standing as a Philadelphia taxpayer. The most economical approach to that motion, which is factually and legally contested, would be for the trial court to resolve it, if and when the stay is lifted.