550 A.2d 791

**Jody L. SINGER and Bruce Singer, h/w, Appellants,**

**v.**

**DONG SUP CHA, M.D., Appellee.**

Superior Court of Pennsylvania.

Argued Sept. 27, 1988.

Filed Nov. 18, 1988.

Steven C. Forman, Philadelphia, for appellants.

Ernest Iannelli, Philadelphia, for appellee.

Before CIRILLO, President Judge, and MONTEMURO and POPOVICH, JJ.

MONTEMURO, Judge:

This is an appeal from the Order of the Court of Common Pleas of Philadelphia County dismissing the appellants' complaint under the doctrine of *lis pendens*, or pendency of a prior action. We reverse.

On August 19, 1987, appellants, Jody L. Singer and Bruce Singer, husband and wife, commenced an action against the appellee, Dr. Dong Sup Cha, in the Philadelphia Court of Common Pleas. Jody Singer was under the professional care of the appellee for the cosmetic and surgical treatment of facial conditions. Appellants contended that the appellee had performed surgical procedures in a negligent manner. Jody Singer sought, *inter alia*, damages for medical expenses, lost earnings, pain and suffering, embarrassment and humiliation. Bruce Singer sought to recover for loss of consortium. The appellee filed preliminary objections and raised, as one of the objections, the following:

Plaintiffs by an action identically captioned as the within cause, have brought suit in the State of New Jersey

which is the same case, parties, causes of action, rights and relief as the within action, denominated Superior Court of New Jersey, Law Division, Gloucester County; Docket No. L–93601–87 MM.

As plaintiffs have previously brought an identical prior action which is pending, the objection of lis pendens lies in defendant's favor.

R.R. at 13a. The appellants admitted that an identical action had been filed in New Jersey, but alleged that it had been instituted simultaneously with the Pennsylvania action. R.R. at 28a.[1] The trial court dismissed the appellants' complaint because of the pending action in New Jersey, citing Goodrich–Amram 2d § 1017(b).

■ Although the precedents in the area of prior pending actions as a bar to current litigation are not recent, they are nevertheless binding upon this Court. In *Smith v. Lathrop*, 44 Pa. 326, 84 A.m. Dec. 448 (1863), our supreme court was called upon to determine the effect of a prior action which was pending in the state of New York at the institution of the Pennsylvania action. The New York action involved the same plaintiff and defendant, as well as the same cause of action, as the Pennsylvania action. The Court found it to be "the settled law of the country, that the plea of *lis pendens* in another state is no defence to this [the later Pennsylvania] action." *Id.* at 331, 84 A.m. Dec. at ——. The Supreme Court addressed this area of the law again in 1938 when it rendered its decision in *Thompson v. Fitzgerald*, 329 Pa. 497, 198 A. 58 (1938). *Thompson* involved a trust which had been administered for many years in the Court of Common Pleas of Fayette County. When the beneficiaries of the trust estate commenced a suit in the federal court requesting a removal of the trustees

---

1. In the present case, it is apparent that the trial court concluded that the New Jersey action was in fact commenced prior to the Pennsylvania action. *See* Op. of Trial Ct., April 28, 1988. The appellee has not questioned this factual finding by the trial court on appeal. We note that our record does not contain a copy of the pleadings from the New Jersey action. This does not affect our consideration of this case because the parties have agreed that the two actions are identical. *Cf. Procacina v. Susen*, 301 Pa.Super. 392, 447 A.2d 1023 (1982).

and an accounting, the Court of Common Pleas of Fayette County enjoined the beneficiaries from proceeding with the federal suit. The supreme court affirmed and, in so doing, recognized the following legal principles which are particularly relevant to the case at bar:

It is firmly settled that a prior suit in a state or federal court which does not deal, either actually or potentially, with specific property or objects, and in which nothing more than a personal judgment is sought, not only does not prevent suit from being brought for the same cause in the court of the other jurisdiction, but does not even furnish ground for a plea in abatement to the second action.... In such a case the first court in which suit was instituted is not ousted of its jurisdiction, nor delayed or obstructed in its exercise thereof, nor is there any resulting conflict of authority. If a judgment is rendered in the second action before the first is tried, it will support a plea of res adjudicata in the first suit if the issue and the parties are the same.

In actions in rem the law is otherwise ... In such cases ... the rule is that the court which first acquires jurisdiction of specific property by the possession thereof, or by the commencement of a suit from which it appears that it is necessary to a determination of the controversy, or to the enforcement of the prospective judgment or decree, for the court to have control and dominion over the property, thereby withdraws it from the jurisdiction of every other court so far as is necessary to accomplish the purposes of the suit, and the court is entitled to retain such control as is requisite to effectuate its final judgment or decree free from the interference of every other tribunal....

*Id.*, 329 Pa. at 505–506, 198 A. at 63 (citations omitted). The *Thompson* Court, having determined that the action in the court of common pleas was in the nature of *quasi in rem,* upheld the trial court's order because "... the court first assuming jurisdiction in proceedings *quasi in rem* [has] the exclusive right to determine questions of administration and

management, as distinguished from the adjudication of individual rights and interests in res." *Id.*, 329 Pa. at 512, 198 A. at 65.

Instantly, the judgment sought is strictly *in personam.* Thus, we are convinced that the trial court erred, as a matter of law, in dismissing the appellants' complaint under the doctrine of lis pendens.  To reiterate, the applicable rule of law, as enunciated by our supreme court, is that "[u]nless an [in personam] action pending in another state or another country reaches judgment, so as to come within the protection of the Full Faith and Credit Clause of the Federal Constitution, such action will not prevent the institution of an action in this state on the same cause and between the same parties." P.L.E. Abatement and Revival § 5. *See also,* 1 Am Jur 2d Abatement, Survival, and Revival § 18; *Wilson v. Island Creek Coal Company,* 40 Pa.D. & C.2d 591 (1966); *Melvin v. Better Brands of Illinois, Inc.,* 34 Pa.D. & C. 27 (1964).

[2] We thus reverse the dismissal of the appellants' complaint, and remand for further proceedings.  We note that while the pendency of a foreign action does not serve as a bar to an action brought in a Pennsylvania court, the court has the inherent, equitable power to stay the proceedings in the second suit during the pendency of the prior suit. *See Klein v. City of Philadelphia,* 77 Pa.Cmwlth. 251, 465 A.2d 730 (1983); *Radio Corp. of America v. Rotman,* 411 Pa. 630, 192 A.2d 655 (1963).  "The trial court need not ... sanction the duplication of effort and waste of judicial resources that would result from allowing both cases to proceed simultaneously, in a race to judgment." *Klein. supra* 77 Pa.Cmwlth. at 259, 465 A.2d at 731.  Thus, the trial court may have to determine whether a stay is appropriate under the circumstances of the present case. Such a determination will only be necessary, of course, in the event that the appellee seeks a stay and in the event that the trial court does not dismiss the appellants' com-

plaint on an alternative ground.[2]

Reversed and remanded for further proceedings consistent with this memorandum opinion. Jurisdiction is relinquished.

**2.** We express no opinion on the merits of appellee's preliminary objections. We simply recognize that appellee has challenged the jurisdiction and venue of the Court of Common Pleas of Philadelphia County. A dismissal of appellants' complaint on any grounds will of necessity render moot a request for a stay of proceedings because of the pendency of the New Jersey action.