562 A.2d 902

**NORRISTOWN AUTOMOBILE CO., INC. a/k/a Norristown Ford, Appellant,**

v.

**Arthur S. HAND, Appellee.**

Superior Court of Pennsylvania.

Argued March 8, 1989.

Filed Aug. 11, 1989.

270

Richard E. Miller, Philadelphia, for appellant.

Richard W. Rogers, Norristown, for appellee.

Before CAVANAUGH, BECK, and CERCONE, JJ.

BECK, Judge:

In a lis pendens action 1) will the requirement of the pendency of a prior action be satisfied where the two complaints are filed on the same day and 2) will the requirement of "identity" be satisfied, where the same parties bring separate actions in different counties, based on the same events, but where the actions assert different theories of recovery.

Appellant Norristown Automobile Company (Norristown) operates a car sales business in Montgomery County. Appellee Arthur Hand was employed by Norristown as its used car manager. On December 5, 1987, Norristown fired Hand believing that he was involved in a fraudulent sales scheme that misled and caused financial loss to both Norristown and its customers. On March 9, 1988 at 1:01 P.M., Hand filed a complaint in the Court of Common Pleas of Montgomery County against Norristown claiming that Norristown breached its employment contract with Hand by firing him. On the same day at 4:13 P.M., Norristown filed a complaint in the Court of Common Pleas of Philadelphia County against Hand in tort on the basis of Hand's involvement in the alleged fraud. Hand filed preliminary objections in the Philadelphia action seeking dismissal of Norris-

town's claim on the basis of improper venue, lack of personal jurisdiction and lis pendens. Finding in favor of Hand, the Philadelphia court dismissed Norristown's action. Although the court found no merit to the jurisdiction and venue claims, it dismissed Norristown's claim on the basis of lis pendens. The trial court opined that a decision in the Montgomery County action could resolve all the issues raised in the Philadelphia action. Norristown timely appeals the order. We reverse and remand for further proceedings.

Norristown claims that the Philadelphia trial court erred in dismissing its cause of action on the basis of lis pendens, i.e. the pendency of a prior action, because (1) under the law, the Montgomery County action could not be considered prior in time to the Philadelphia action and (2) the two actions had insufficient identity to meet the strict requirements for a dismissal under the doctrine of lis pendens. We address the priority issue first.

■■■ A party asserting the defense of lis pendens must aver that a prior action is pending. *Feather v. Hustead*, 254 Pa. 357, 98 A. 971 (1916); Pa.R.C.P. 1017(b)(5). Thus, in determining the applicability of the defense of lis pendens the first question that must be answered is the order in which each action was commenced. *See Simmons v. Jesse C. Stewart Co.*, 346 Pa. 54, 29 A.2d 55 (1943). Under the Rules of Civil Procedure, an "action" is commenced by filing either "(1) a praecipe for a writ of summons, (2) a complaint, or (3) an agreement for an amicable action." Pa.R.C.P. 1007. In the instant case, both parties filed complaints; appellee at 1:01 P.M. on March 9, 1988 and appellant at 4:13 P.M. on March 9, 1988. Thus, it appears clear that Hand commenced his action three hours and twelve minutes prior to Norristown's commencing its action.

■■■ Appellant argues that the doctrine of lis pendens does not apply where two actions are filed during the same day because a day must be treated as an indivisible measure of time. Thus, Norristown argues that neither action at issue can be prior to the other because they were filed at

the same time. " 'It is true that for many purposes the law knows no division of a day; but, whenever it becomes important for the ends of justice, or in order to decide upon conflicting interests, the law will look into a fraction of a day as readily as into the fractions of any other unit of time.' " *Grant Estate*, 377 Pa. 264, 267, 105 A.2d 80 (1954) (citations omitted). *See also Edmundson v. Wragg*, 104 Pa. 500 (1883) (a day is always indivisible except where it must be cut up to prevent injustice). Under the circumstances of this case, we find that the ends of justice and Hand's legitimate interests require that the day be viewed as divisible and Hand's complaint as prior in time. Our reasons are as follows.

In the instant case we agree with the trial court that the issues raised in the Philadelphia action could be fully and adequately resolved in the Montgomery County action. Furthermore, if neither cause of action could be considered prior to the other and both had to be litigated, then resolution of issues in the case decided first in time might be binding on the case not yet decided. *See Zarnecki v. Shepegi*, 367 Pa.Super. 230, 532 A.2d 873 (1987), *allocatur denied*, 518 Pa. 643, 542 A.2d 1371 (1988). For example, in the instant case if the Philadelphia action comes to trial and decision first, then Hand, the plaintiff who filed his action in Montgomery County, would be bound by the resolution in Philadelphia County of issues common to both cases. Thus, Hand's strategy in trying the case in Montgomery County might be impaired. Moreover, even if the Philadelphia action did not come to judgment first, Hand would still have to pursue the litigation process in two counties simultaneously. This duplication of effort surrounding resolution of the same central issues would place an undue and wasteful burden on Hand's time and finances. In addition, by permitting the two actions to go forward simultaneously, two courts would be forced to hear what could be fully adjudicated in one. Besides wasting judicial resources, this would leave the parties racing to judgment in the common pleas courts of two different counties. This parallel litiga-

tion might give the unfortunate appearance that justice in one county differs from that in another.

For all of the above stated reasons, we thus conclude that under the circumstance of this case Hand's action must be considered prior in time to that of Norristown. However, this is not the end of the inquiry. Having concluded that Hand's action was prior to Norristown's, we must next examine whether there was sufficient identity of the two actions for lis pendens to apply.[1]

■ Appellant claims that the doctrine of lis pendens does not apply because the causes of actions and relief sought in the two cases differ. It has long been held that a party asserting the defense of lis pendens must show that "the case is the same, the parties the same, and the rights asserted and relief prayed for the same...." *Hessenbruch v. Markle*, 194 Pa. 581, 593, 45 A. 669, 671 (1900) (citation omitted); *Dickerson v. Dickersons Overseas Co.*, 369 Pa. 244, 85 A.2d 102 (1952); *Virginia Mansions Condominium Association v. Lampl*, 380 Pa.Super. 452, 552 A.2d 275 (1988); *Penox Technologies, Inc. v. Foster Medical Corp.*, 376 Pa.Super. 450, 546 A.2d 114 (1988). This three-pronged identity test must be strictly applied when a party is seeking to dismiss a claim under the doctrine of lis pendens. *Virginia Mansions Condominium Association v. Lampl, supra*, 380 Pa.Super. at 755, 552 A.2d at 277; *General Accident Fire & Life Assurance Corp., v. Flamini*, 299 Pa.Super. 312, 445 A.2d 770 (1982); *Epstein v. State Farm Mutual Insurance Co.*, 312 Pa.Super. 542, 459 A.2d 354 (1983) (Cirillo, J. dissenting). Thus, this court has refused to dismiss causes of action under the doctrine of lis pendens in cases where the later cause of action derived from the same contract or events that formed the basis of the prior action but the right asserted and/or the relief sought in the two actions were not the same. *See Virginia Mansions Condominium Association v. Lampl, supra* (lis pendens

---

1. The doctrine of lis pendens also requires that the prior action be pending. *Feigley v. Jeffes*, 104 Pa.Cmwlth. 540, 522 A.2d 179, *appeal denied*, 516 Pa. 627, 532 A.2d 438 (1987). Appellant raises no argument questioning the pendency of the Montgomery County suit.

not available where counterclaim in second suit and claim in prior cause of action derive from same factual events but cases involve different causes of action and request different relief); *Penox Technologies v. Foster Medical Corp., supra* (lis pendens not available to a defendant in a breach of contract action who had previously commenced an action for declaratory judgment to determine whether a breach of contract action on the same contract could be maintained); *Glazer v. Cambridge Industries, Inc.,* 281 Pa.Super. 621, 422 A.2d 642 (1980) (lis pendens not available where all suits based on same facts and underlying shareholders agreement but earlier actions only sought equitable relief and later action is for damages in assumpsit); *Kramer v. Kramer,* 260 Pa.Super. 332, 394 A.2d 577 (lis pendens not available where both actions were based on the same contract but first suit was in assumpsit for damages and later suit was an equitable action to rescind the contract); *Raw v. Lehnert,* 238 Pa.Super. 324, 357 A.2d 574 (1976) (lis pendens not available where two actions arise from same subject matter but first suit is in equity and second in assumpsit for damages).

In the instant case, Hand brought an action against Norristown for breach of contract, and a few hours later, Norristown brought an action in tort against Hand. The parties in the two actions are the same. In addition, key events underlying both actions are the same. However, the rights asserted and the relief sought differ. Thus, the facts of this case do not meet the strict identity requirements for dismissal under the doctrine of lis pendens. *Penox Technologies v. Foster Medical Corp., supra.* We therefore reverse the decision of the trial court dismissing Norristown's claim and remand for further proceedings.

In reversing the order dismissing Norristown's action against Hand, we observe that "the party raising the defense of lis pendens can ask that the action in which the defense is being raised be abated, that it be *stayed pending the outcome of the prior litigation,* or that the actions be consolidated." *Virginia Mansions Condominium Associ-*

*ation v. Lampl, supra,* 380 Pa.Super. at 456, 552 A.2d at 278 (emphasis added). In the recent case of *Singer v. Dong Sup Cha, M.D.,* 379 Pa.Super. 556, 550 A.2d 791 (1988), a panel of this court held that a prior pending action could not serve as a basis to dismiss a later claim because of the rule of law that a prior pending action in another state cannot be used as a defense in a Pennsylvania action. The Singers brought identical claims in New Jersey and Pennsylvania. The court observed, however, that even though an identical New Jersey claim could not be used to bar the Pennsylvania claim on the basis of lis pendens, "the [trial] court [still] ha[d] the inherent equitable power to stay the proceedings in the second [Pennsylvania] suit during the pendency of the prior [New Jersey] suit." *Id.,* 379 Pa.Superior Ct. at 560, 550 A.2d at 793.

The *Singer* court relied heavily upon *Klein v. City of Philadelphia,* 77 Pa.Commw. 251, 465 A.2d 730 (1983). In *Klein,* the two actions at issue involved nearly identical taxpayer claims. The Commonwealth Court ruled that the action before it should not be dismissed on the basis of lis pendens because of a failure of identity between the parties in the two actions. However, the court directed that the second case be stayed pending the outcome of the prior action. As reiterated in *Singer:* "The trial court need not ... sanction the duplication of effort and waste of judicial resources that would result from allowing both cases to proceed simultaneously, in a race to judgment." *Singer v. Dong Sup Cha, M.D., supra,* 379 Pa.Super. at 560, 550 A.2d at 793 (quoting *Klein v. City of Philadelphia, supra,* 77 Pa.Cmwlth. at 259, 465 A.2d at 731).

In the instant case, the trial court found that all the issues raised in the Philadelphia action could be resolved in the prior Montgomery County action. As in *Singer* and *Klein,* the instant action involves a set of circumstances where the litigation of two suits would create a duplication of effort on the part of the parties and waste judicial resources by requiring two courts of common pleas to litigate a matter that in all likelihood could be fully ad-

dressed in one forum. In addition, permitting both actions to proceed simultaneously would create the unseemly spectacle of a race to judgment in the courts of two counties of this Commonwealth. Thus, should the issue be raised by appellee on remand, the trial court may have to decide the propriety of granting a stay in the instant matter. *Singer v. Dong Sup Cha, M.D., supra,* 379 Pa.Super. at 560, 550 A.2d at 793.

Order reversed. Case remanded for further proceedings. Jurisdiction relinquished.