**Pezzino v. Seven Springs**

*Mike R. Rubinoff,* for plaintiff.
*Gerard J. Cipriani,* for defendant.

CASCIO, *J.,* June 17, 1992—This case is before the court on plaintiffs' motion for stay of the proceedings in this court, pending the resolution of the same case in the New Jersey Superior Court, Bergen County. Plaintiffs, New Jersey residents, were guests at defendant's mountain resort in August 14, 1989, when plaintiff-husband sustained a fall on a staircase. He filed a complaint in the Somerset County Court of Common Pleas, claiming that defendant's negligence was the cause of his injuries. Plaintiff-wife joins in the complaint with a claim for loss of consortium. Although we do not have access to the record in New Jersey, it is our understanding that the same complaint was filed in plaintiffs' home county in that state, prior to commencement of suit in this court.

In November 1991, after repeated attempts to take plaintiff-husband's deposition and acquire other responses to discovery requests, defendants filed a motion for sanctions with this court. On March 6, 1992, plaintiffs filed a motion for stay of the proceedings in this court and of our decision on the motion for sanctions until the New Jersey case is decided.

Defendant had tried to dismiss the New Jersey suit in January 1992 on the basis of lack of jurisdiction but the trial court denied defendant's motion, which the New Jersey Superior Court, Appellate Division, upheld. We are considering plaintiffs' motion to stay on briefs, as agreed to by the parties.

## DISCUSSION

Plaintiffs explain that they filed their suit in Pennsylvania because the statute of limitations was close to expiring and the jurisdiction issue had not been decided by the New Jersey court. They argue that, rather than duplicating the efforts of both parties, it is in everyone's best interest to stay the proceedings here and await resolution in New Jersey. If that case reaches judgment, it would then make litigation in Pennsylvania unnecessary. However, given the possibility that the New Jersey case does not result in a final judgment, plaintiffs do not want to forego their opportunity to litigate in this state.

A stay of the proceedings by this court would merely be "a temporary cessation of the proceedings awaiting the outcome of the litigation in the other jurisdiction, with the effect of resumption thereof if the foreign proceedings are not consummated into a judgment or, if they are so consummated, permitting such judgment to be pleaded as res judicata in the proceedings at the [domestic] forum." Annotation, *Stay of Civil Proceedings Pending Determination of Action in Another State or County,* 19 A.L.R.2d 301, 303 (1951).

The granting of a stay is within the discretion of the trial court. *Singer v. Dong Sup Cha,* 379 Pa. Super. 556, 560, 550 A.2d 791, 793 (1988); *Klein v. City of Philadelphia,* 77 Pa. Commw. 251, 254, 465 A.2d 730, 731 (1983).

In *Singer,* a husband and wife filed a medical malpractice action in New Jersey and Pennsylvania. As in the case at hand, the actions were identical and the New Jersey action was commenced first. The court recognized that the parties were entitled to file the second lawsuit

so long as the first one had not reached judgment and come within the protection of the Full Faith and Credit Clause of the Constitution. *Singer*, 379 Pa. at 460, 550 A.2d at 792-793. The court explained that while the New Jersey action would not bar the Pennsylvania action, it would exercise its power to stay the second suit in the interest of judicial economy. *Id.* at 560, 556 A.2d at 793. The court stated:

"The trial court need not ... sanction the duplication of effort and waste judicial resources that would result from allowing both cases to proceed simultaneously, in a race to judgment." *Id.*, citing *Klein*, 77 Pa. Commw. at 253-254, 465 A.2d at 791.

We also believe that the principles of comity and freedom of litigants to choose their forum would warrant a temporary delay in the proceedings of this court while the foreign suit is resolved. See *Smith v. Firemen's Insurance Co. of Newark, New Jersey*, 404 Pa. Super. 93, 590 A.2d 24 (1991). Plaintiffs filed in the New Jersey Superior Court first and that suit should be permitted to proceed to its conclusion before this court considers the case or takes any action with respect to defendant's request for discovery sanctions. Therefore, we will grant plaintiffs' motion for stay.

## ORDER

And now, June 17, 1992, consistent with the foregoing memorandum, plaintiffs' motion for stay is granted. A decision on defendant's motion for sanctions will be delayed, pending a decision on the case in the New Jersey Superior Court, Law Division, Bergen County, Docket no. Ber-L-9221-91.