J-A13041-20

2020 PA Super 251

CHRISTOPHER A. CALABRETTA, : IN THE SUPERIOR COURT OF
LOUISE JOY CALABRETTA, SCOTT : PENNSYLVANIA
HORNBAKER, KAREN HORNBAKER, :
JAMES JOLINGER, ROBIN LERNER, :
BETH ANN MARCIN, MARC D. :
ZLOTNIKOFF AND LISA D. :
ZLOTNIKOFF :
:
v. :
:
GUIDI HOMES, INC., AND SPRING :
HOUSE FARM INC., AND MCINTYRE :
CAPRON & ASSOCIATES, P.C. :
:
v. :
:
KELLY PLASTERING, INC., :
EXTERIORS, INC. D/B/A EXTERIORS :
ASSOCIATES, HICKORY HILL :
BUILDERS, INC., AND J. SMITH :
CONSTRUCTION, LLC D/B/A JOHN :
SMITH CONSTRUCTION :
:
APPEAL OF: GUIDI HOMES, INC. AND :
SPRING HOUSE FARM, INC. : No. 2001 EDA 2019

Appeal from the Order Entered June 3, 2019
in the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2017-01624

BEFORE: BENDER, P.J.E., LAZARUS, J. and STRASSBURGER, J.*

OPINION BY STRASSBURGER, J.: **FILED OCTOBER 19, 2020**

Guidi Homes, Inc. (Guidi Homes) and Spring House Farm, Inc. (Spring

House Farm) (collectively, Appellants) appeal from the order entered June 3,

_____

* Retired Senior Judge assigned to the Superior Court.

2019, which granted in part and denied in part their motion for summary judgment. Upon review, we quash this appeal.

Due to our disposition, a detailed recitation of the facts and procedural history of this case is unnecessary. Briefly, Scott Hornbaker, Karen Hornbaker, James Jolinger, Robin Lerner (collectively, the Homeowners), and several others filed suit on February 13, 2017, alleging home construction defects in the new-construction homes that they had purchased from Spring Hill and were built by Guidi Homes.[1] Additional parties were joined, an amended complaint was filed, and Appellants filed preliminary objections, which the trial court overruled on October 13, 2017.

Relevant to this appeal, on January 18, 2019, Appellants filed a motion for summary judgment seeking dismissal of the Homeowners' claims against Appellants on the basis that, *inter alia*, the claims were barred by the statute of repose.[2] After hearing argument, the trial court entered an order on June

_____

[1] The remaining parties listed in the caption are not involved in this appeal.

[2] The statute of repose relating to construction projects provides as follows.

> **(a) General rule.--**Except as provided in subsection (b), a civil action or proceeding brought against any person lawfully performing or furnishing the design, planning, supervision or observation of construction, or construction of any improvement to real property must be commenced within 12 years after completion of construction of such improvement to recover damages for:

*(Footnote Continued Next Page)*

- 2 -

3, 2019, granting in part and denying in part the motion for summary

judgment. Specifically, the trial court granted the motion for summary

*(Footnote Continued)* ──────────

> (1) Any deficiency in the design, planning, supervision or observation of construction or construction of the improvement.
>
> (2) Injury to property, real or personal, arising out of any such deficiency.
>
> (3) Injury to the person or for wrongful death arising out of any such deficiency.
>
> (4) Contribution or indemnity for damages sustained on account of any injury mentioned in paragraph (2) or (3).
>
> **(b) Exceptions.—**
>
> (1) If an injury or wrongful death shall occur more than ten and within 12 years after completion of the improvement a civil action or proceeding within the scope of subsection (a) may be commenced within the time otherwise limited by this subchapter, but not later than 14 years after completion of construction of such improvement.
>
> (2) The limitation prescribed by subsection (a) shall not be asserted by way of defense by any person in actual possession or control, as owner, tenant or otherwise, of such an improvement at the time any deficiency in such an improvement constitutes the proximate cause of the injury or wrongful death for which it is proposed to commence an action or proceeding.
>
> **(c) No extension of limitations.--**This section shall not extend the period within which any civil action or proceeding may be commenced under any provision of law.

42 Pa.C.S. § 5536.

judgment as to count IV (negligence claims dismissed under the gist of the action doctrine[3]), and denied it in all other respects.

In its order denying Appellants' motion for summary judgment based on the statute of repose barring the Homeowners' claims, the trial court stated that the "current state of the law on the statute of repose is somewhat unclear." Order, 6/3/2019, at 2 n.3. As noted *supra*, section 5336 states, subject to exceptions, "a civil action or proceeding brought against any person **lawfully** performing or furnishing the design, planning, supervision or observation of construction, or construction of any improvement to real property must be commenced within 12 years after completion of construction of such improvement" to recover certain damages. 42 Pa.C.S. § 5336(a) (emphasis added). The trial court noted the term "lawfully" in the statute is unclear as to whether it "requires compliance with[] (1) all prerequisites necessary to obtain municipal permission to engage in the various activities mentioned in the statute; or (2) all local and state ordinances, regulations[,] and statutes." Order, 6/3/2019, at 2 n.3. After discussing two unpublished memoranda from this Court, the trial court found "that a genuine issue of material fact exists as to whether the homes

---

[3] The gist of the action doctrine is used to determine whether a claim sounds in contract or negligence. **Kelly Sys., Inc. v. Leonard S. Fiore, Inc.**, 198 A.3d 1087, 1092-93 (Pa. Super. 2018), *citing* **Bruno v. Erie Ins. Co.,** 106 A.3d 48, 68-69 (Pa. 2014).

were lawfully constructed, under either aforementioned interpretation of 'lawfully'" and therefore, summary judgment could not be entered on the issue of whether the statute of repose applies to Appellants. *Id.*

This appeal followed.[4, 5] On July 22, 2019, the Homeowners filed an application to quash the appeal and brief in support thereof with this Court. They maintained that the June 3, 2019 order is not a final order under Pa.R.A.P. 341(b)(1) because it did not dispose of all claims and all parties. Application to Quash, 7/22/2019, at 5. The Homeowners further argued the order is not a collateral order under Pa.R.A.P. 313 because it addressed underlying claims and is not separable from and collateral to the main cause of action, Appellants' interests will not go unprotected because they can defend this action at trial, and Appellants' claims will not be irreparably lost if review is postponed until final judgment. *Id.* at 5-6. On August 2, 2019, Appellants filed a response, wherein they agreed the order is not final, but argued that it is immediately appealable as a collateral order. Answer to Application to Quash, 8/2/2019, at 2. Appellants contended that a determination of whether the statute of repose bars the Homeowners' claims

---

[4] On July 3, 2019, Appellants simultaneously filed a motion for reconsideration, or in the alternative, to certify the June 3, 2019 order as immediately appealable pursuant to 42 Pa.C.S. § 702(b), with the trial court, and a notice of appeal with this Court. The trial court did not rule on the motion or certify the appeal.

[5] Appellants and the trial court complied with Pa.R.A.P. 1925.

is separable from the main cause of action, *i.e.*, whether the homes have defects. **Id.** at 2-3. They further argued that the interest in "immunity from suit [under the statute of repose] for a specific class of persons and companies, rather than one company's mere hope to escape liability," as well as an interest in finality, are sufficiently important interests to warrant immediate review. **Id.** at 4. Finally, Appellants argued that their immunity from suit under the statute of repose is irreparably lost if this case is erroneously permitted to go to trial. **Id.** at 10-11. On November 21, 2019, this Court denied the application to quash without prejudice to the Homeowners' right to "raise the issue in their brief or, after the appeal has been assigned to the panel of this Court that will decide the merits of the appeal, in a properly filed application." Order, 11/21/2019. The Homeowners declined to argue the issue of appealability in their brief or file a subsequent application to quash.

Appellants present the following questions for our review.

1. Precedent to the main issue, below, the Court must first decide the preliminary question whether its appellate jurisdiction has been properly invoked, under the collateral order doctrine codified in Pa.R.A.P. 313.

2. The main issue presented for decision by this Court is whether the [s]tatute of [r]epose for construction projects bars the claims of [the Homeowners] here, where suit was filed more than twelve years from the completion of construction, liability is asserted against those having a role in the construction, the action claims deficiencies in construction leading to harm, and there is no evidence of any "unlawful" construction within the meaning of the [s]tatute.

Appellants' Brief at 4.

As Appellants recognize, before we may address the applicability of the statute of repose to Appellants, we must first determine whether the June 3, 2019 order is appealable, because appealability implicates our jurisdiction.[6] *Interest of J.M.*, 219 A.3d at 650. "Jurisdiction is purely a question of law; the appellate standard of review is *de novo* and the scope of review plenary." *Id.* (citation and internal quotation marks omitted). To be appealable, the order must be a final order, an interlocutory order appealable by right or permission,[7] or a collateral order. Pa.R.A.P. 341-42; 42 Pa.C.S. § 702(a)-(b); Pa.R.A.P. 311-13; *In the Interest of J.M.*, 219 A.3d 645, 650 (Pa. Super. 2019).

Generally, a final order is any order that disposes of all claims and all parties. Pa.R.A.P. 341(b). We agree with the parties that the June 3, 2019 order is not a final order because it does not dispose of all claims and all parties. *Id.*; *see also Melvin v. Doe*, 836 A.2d 42, 44 n.4 (Pa. 2003) ("[A]n order denying a motion for summary judgment does not terminate

---

[6] Because we "'lack jurisdiction over an unappealable order, it is incumbent on us to determine, *sua sponte* when necessary, whether the appeal is taken from an appealable order.'" *In the Interest of J.M.*, 219 A.3d 645, 650 (Pa. Super. 2019) (quoting *Kulp v. Hrivnak*, 765 A.2d 796, 798 (Pa. Super. 2000)).

[7] We need not examine the second category, as the trial court did not certify permission to appeal the June 3, 2019 order, and the order is not appealable as of right by law.

the litigation, and thus is not an appealable order.") (citations omitted). Instead, Appellants maintain that the order is a collateral order pursuant to Rule 313. Appellants' Brief at 1, 7-16, 45.

"Whether an order is appealable as a collateral order is a question of law; as such, our standard of review is *de novo* and our scope of review is plenary." **Collier v. Nat'l Penn Bank**, 128 A.3d 307, 312 (Pa. Super. 2015) (citation omitted). We have explained the collateral order doctrine as follows.

> The "collateral order doctrine" exists as an exception to the finality rule and permits immediate appeal as of right from an otherwise interlocutory order where an appellant demonstrates that the order appealed from meets the following elements: (1) it is separable from and collateral to the main cause of action; (2) the right involved is too important to be denied review; and (3) the question presented is such that if review is postponed until final judgment in the case, the claimed right will be irreparably lost. **See** Pa.R.A.P. 313.

> Our Supreme Court has directed that Rule 313 be interpreted narrowly so as not to swallow the general rule that only final orders are appealable as of right. To invoke the collateral order doctrine, each of the three prongs identified in the rule's definition must be clearly satisfied.

**Interest of J.M.**, 219 A.3d at 655, *quoting* **In re W.H.**, 25 A.3d 330, 335 (Pa. Super. 2011).

The trial court did not discuss the appealability of its order in its Rule 1925(a) opinion. Appellants argue in their brief that each of the three prongs of the collateral order test is met. **See** Appellants' Brief at 1, 7-16. Regarding the first prong, they contend that "the main issue appealed – whether the [Homeowners'] case should be dismissed as time-barred under

- 8 -

the [s]tatute of [r]epose – is entirely collateral to the merits of their case – whether there are defects in their homes, caused by [Appellants], redressable in a civil action." *Id.* at 7.[8] Next, Appellants claim their interests are too important to be denied immediate review. They argue that, because the statute of repose relating to construction projects "completely abolishes" the cause of action when suit is not commenced within 12 years of construction completion, their interests in statutory immunity and finality are important "system-wide" for both them and non-parties alike. *Id.* at 10-12. Appellants further reason that, because the trial court found the word "lawfully" in the statute of repose unclear, there is an "immediate, Commonwealth-wide interest in the resolution" of whether the statute of repose "protects builders who operate with required permits, or only those whose projects are built non-defectively and to code." *Id.* at 13-14. Finally, Appellants claim that their immunity from suit is irreparably lost if review is delayed until after trial. *Id.* at 14. They argue that their immunity defense

---

[8] We note that Appellants state in their brief that they "seek a reversal of the trial court's refusal to enter summary judgment, but only as to the Jolinger/Lerner [p]laintiffs. The other plaintiffs' claims would remain unaffected." Appellants' Brief at 6. However, in light of the remainder of their brief, it is clear that Appellants seek reversal, based on the statute of repose, as to Scott and Karen Hornbaker, as well as James Jolinger and Robin Lerner (*i.e.,* the Homeowners).

"cannot be reclaimed after proceeding through plenary discovery and trial."

*Id.* at 14-16.[9]

> Turning to the application of the first prong of the collateral order test,
>
> an order is separable from the main cause of action if it is entirely distinct from the underlying issue in the case and if it can be resolved without an analysis of the merits of the underlying dispute. Although appellate courts tolerate a degree of interrelatedness between merits issues and the question sought to be raised in the interlocutory appeal, the claim must nevertheless be conceptually distinct from the merits of plaintiff's claim.

*Interest of J.M.*, 219 A.3d at 655-56 (footnote, citations, and quotation marks omitted). "[W]here the issue presented is a question of law as opposed to a question of fact, an appellant is entitled to review under the collateral order doctrine; however, if a question of fact is presented, appellate jurisdiction does not exist." *Collier*, 128 A.3d at 312, *citing Aubrey v. Precision Airmotive LLC*, 7 A.3d 256, 262 (Pa. Super. 2010).

Here, application of the statute of repose to Appellants is at issue. While statutory interpretation of the term "lawfully" as used in section 5536 raises a legal question, resolution of this legal question does not answer whether Appellants are entitled to protection under the statute of repose

---

[9] In their reply brief, Appellants argue that the Homeowners have conceded appellate jurisdiction by failing to raise the issue in their brief. Appellants' Reply Brief at 1-2. However, as noted *supra*, we may raise *sua sponte* the issue of jurisdiction.

because the factual issue of whether Appellants' construction was lawful remains.

Appellants argue the term "lawfully" is limited to an inquiry into "builders' and contractors' general, overall operations," rather than a restrictive interpretation of the term to mean technical compliance with building code requirements. Appellants' Brief at 31-38. On the other hand, the Homeowners maintain that "lawfully" means compliance with "state and/or local building codes, ordinances, rules, and statutes." Homeowners' Brief at 11, 19-48. After a statutory construction analysis, the trial court rejected Appellants' interpretation and concluded the statute "offer[s] protection only for those who perform, furnish, or design improvement to real property in accordance with current local and state ordinances, regulations[,] and statutes at the time" of construction. Trial Court Opinion, 8/15/2019, at 5-6.

Yet, as Appellants concede, regardless of how "lawfully" is interpreted, there is still an unresolved factual issue relating to whether Appellants "lawfully" constructed the homes. **See** Appellants' Brief at 23-45 (stating "[a]ll elements of the [s]tatute [of repose] are undisputed, save one" and arguing there is no record evidence Appellants failed to act "lawfully" under either statutory interpretation advanced by the parties); **see also** Trial Court Opinion, 8/15/2019, at 2 ("[A] genuine issue of material fact exists as to whether [Appellants] lawfully constructed the [Homeowners'] homes.");

- 11 -

Order, 6/3/2019 ("This [c]ourt finds that a genuine issue of material fact exists as to whether the homes were lawfully constructed, under either aforementioned interpretations of "lawfully[,"] thus[] precluding entry of judgment as a matter of law on whether [Appellants] are members of the class of persons protected by the [s]tatute of [r]epose."). As the trial court pointed out, during discovery the Homeowners "produced an expert report wherein the expert opine[d] that [Appellants] failed to comply with the 1999 and/or 2000 [Building Officials Code Administrators International (BOCA)] codes when constructing the [Homeowners'] homes." Trial Court Opinion, 8/15/2019, at 2. Thus, under the trial court's interpretation of "lawfully," a factual question remains as to whether Appellants violated building codes. However, even assuming *arguendo* we agreed with Appellants' interpretation of "lawfully," the case would not necessarily be at an end. The factfinder would still need to determine whether the evidence showed Appellants had all required permits at the time of construction to be considered "lawful" under section 5536, which may or may not result in a resolution of the statute of repose question in their favor.

Based on the foregoing, we do not find the order is clearly separable from the main action. Appellants' argument, *i.e.*, the work was performed "lawfully" and thus barred by the statute of repose, is not entirely distinct from the underlying issue in the case, *i.e.*, whether the construction of the homes was defective. ***See Interest of J.M.***, 219 A.3d at 655. Although a

degree of interrelatedness between merits issues and the question sought to be raised in the interlocutory appeal is tolerable, the claim must nonetheless be conceptually distinct from the merits of the Homeowner's claim. ***See id.*** We cannot say that is the case here. Resolving the issue presented by Appellants concerning the applicability of the statute of repose necessarily involves a determination of fact relating to whether the construction was lawful, which is intertwined with the determination of liability. Thus, our appellate review of Appellants' issue would entail a fact-based inquiry that is not appropriate under the collateral review doctrine. ***See Collier***, 128 A.3d at 312.

We next turn to the second prong, importance of the right. Pa.R.A.P. 313(b). "[T]he overarching principle governing 'importance' is that … an issue is important if the interests that would potentially go unprotected without immediate appellate review of that issue are significant relative to the efficiency interests sought to be advanced by adherence to the final judgment rule." ***Ben v. Schwartz***, 729 A.2d 547, 552 (Pa. 1999). Thus, "[i]n analyzing the importance prong, we weigh the interests implicated in the case against the costs of piecemeal litigation." ***Id.***

As noted *supra*, Appellants assert the interests in immunity from suit and finality are sufficiently important to warrant immediate review. We do not believe the potential loss of these interests without immediate appellate review are significant relative to the efficiency interest of the final order rule

in discouraging piecemeal litigation. The construction statute of repose represents a balance among public, industry, and individual interests and we do not see any compelling public policy concerns that are too important to be denied review at this stage of the proceedings. "For purposes of defining an order as a collateral order under Rule 313, it is not sufficient that the issue be important to the particular parties. Rather it must involve rights deeply rooted in public policy going beyond the particular litigation at hand." *Geniviva v. Frisk*, 725 A.2d [1209,] 1213-14 (Pa. 1999). The statute of repose is at issue in only two of the five homes in this litigation and Appellants have only generally asserted that the interpretation of "lawfully" implicates public policy concerns that extend beyond the parties at hand. The resolution of this issue will not dictate whether a homeowner may maintain an action against the builder, but rather it will determine what kind of factual evidence is required to demonstrate the builder lawfully constructed the home. Thus, we do not find that Appellants satisfied the second requirement under Rule 313.

Nor do we find that going to trial constitutes the type of irreparable loss contemplated by the third prong. *See* Pa.R.A.P. 313(b). To find otherwise would be an archetypal case of the exception swallowing the rule. *See Interest of J.M.*, 219 A.3d at 655; *Rae v. Pennsylvania Funeral Directors Ass'n*, 977 A.2d 1121, 1126 (Pa. 2009) (stating "our precedent strongly cautions against permitting the collateral order doctrine to become

an exception which swallows, in whole or in any substantial part, the final order rule"). The court found the motion for summary judgment to be premature and Appellants "would have ample opportunity to develop a record and raise the issue later in the trial proceedings." Trial Court Opinion, 8/15/2019, at 6. Appellants' claim that the suit is barred under section 5536 is not irreparably lost, as there is a means by which to argue later that the Homeowners are not entitled to relief. In denying summary judgment, the trial court's rejection of the statute-of-repose defense did not terminate the litigation between the parties, dispose of the entire case, or put Appellants out of court. Rather, Appellants may still litigate their case below and of course, appeal the final order of the trial court. Appellants' interests will not go unprotected because they can defend this action at trial, and Appellants' claims will not be irreparably lost if review is postponed until final judgment. Appellants do not lose their right to raise later a defense based on the statute of repose. As our Supreme Court noted, "[a]ny efficiencies gained in reduced trial litigation would be at the expense of increased appellate litigation." **Geniviva**, 725 A.2d at 1214.

Moreover, our conclusion is consistent with precedent recognizing that we "construe the collateral order doctrine narrowly so as to avoid 'undue corrosion of the final order rule,' … and to prevent delay resulting from 'piecemeal review of trial court decisions.'" **Shearer v. Hafer**, 177 A.3d

- 15 -

850, 858 (Pa. 2018) (citation and brackets omitted). Our Supreme Court has explained as follows.

> As colorfully explained by then-Justice, later Chief Justice, Henry X. O'Brien, "[i]t is more important to prevent the chaos inherent in bifurcated, trifurcated, and multifurcated appeals than it is to correct each mistake of a trial court the moment it occurs." ***Calabrese v. Collier Township Municipal Authority***, [] 248 A.2d 236, 238 ([Pa.] 1968) (O'Brien, J., dissenting). Moreover, as parties may seek allowance of appeal from an interlocutory order by permission, we have concluded that that discretionary process would be undermined by an overly permissive interpretation of Rule 313. ***Geniviva***, 725 A.2d at 1214 n.5.

> ***Shearer***, 177 A.3d at 858. ***See also Hession Condemnation Case***, [] 242 A.2d 432, 437 ([Pa.] 1968) (O'Brien, J., dissenting) (commenting regarding statute permitting immediate appeal of interlocutory order: "The bifurcated appeal foisted upon the courts can only be termed a judicial Hydra. Would that a Hercules could appear ... to slay this monster.").

***Interest of J.M.***, 219 A.3d at 655. Thus, having concluded that we have no jurisdiction to review the trial court's June 3, 2019 order, the appeal is quashed.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/19/20