J-A27026-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| TRACY F. ASHDALE AND JOHN J. ASHDALE | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GUIDI HOMES, INC., SPRING HOUSE FARM, INC., AND MCINTYRE CAPRON & ASSOCIATES, | : | No. 3533 EDA 2019 |
| | : | |
| v. | : | |
| | : | |
| KELLY PLASTERING, INC., STEPHEN KELLY, EXTERIORS, INC., EXTERIORS ASSOCIATES, EXTERIORS ASSOCIATES, INC. D/B/A/ EXTERIORS ASSOCIATES, 4 GLEN CONSTRUCTION & STUCCO REPLACEMENT, INC., J. SMITH CONSTRUCTION, LLC D/B/A JOHN SMITH CONSTRUCTION AND 5K CONSTRUCTION, INC | : | |
| | : | |
| APPEAL OF: GUIDI HOMES, INC., AND SPRING HOUSE FARM, INC | : | |

Appeal from the Order Entered October 31, 2019
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  No. 2017-16183

BEFORE:   STABILE, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY NICHOLS, J.:                         Filed: January 21, 2021

_____

[*] Retired Senior Judge assigned to the Superior Court.

Guidi Homes, Inc. (Guidi Homes) and Spring House Farm, Inc. (Spring House Farm) (collectively, Appellants) appeal from the trial court's order, which granted in part and denied in part Appellants' motion for summary judgment. Appellees Tracy F. Ashdale and John J. Ashdale have filed an application to quash the appeal. We quash.

The trial court's opinion sets forth the background and procedural history. *See* Trial Ct. Op., 4/23/20, at 1-5. In relevant part, Appellees allege that Guidi Homes was the builder and Spring House Farm was the seller of a newly constructed home that Appellees purchased in June of 2003. *Id.* at 1. Appellees sued Appellants, and a third entity, alleging home construction defects. *Id.* at 2.

On May 13, 2019, Appellants moved for summary judgment for several reasons, including that the statute of repose[1] barred Appellees' claims. *Id.*

_____

[1] The statute of repose relating to construction projects provides, in relevant part, as follows:

**(a) General rule.**—Except as provided in subsection (b), a civil action . . . brought against any person lawfully performing or furnishing the design, planning, supervision or observation of construction, or construction of any improvement to real property must be commenced within 12 years after completion of construction of such improvement to recover damages for:

(1) Any deficiency in the design, planning, supervision or observation of construction or construction of the improvement.

\* \* \*

Appellees responded that the exception set forth in subsection (b)(1) of the statute of repose was applicable because their injury occurred in the eleventh and/or twelfth year after construction. *Id.* at 9-10. Appellees referred to the reports of two experts, who opined that the damage to Appellees' home was ongoing and continued past the tenth year after the completion of construction into the eleventh and twelfth years. *Id.* at 10-14. Appellants replied that Appellees' expert reports "fail[ed] to show that the damage of which [Appellees] complain occurred" in the eleventh and twelfth years after construction. *Id.* at 10.

On October 31, 2019, the trial court granted in part and denied in part Appellants' motion. *Id.* at 3. Specifically, the trial court entered judgment in favor of Appellants on Counts II (breach of express warranty), V (negligence), VIII (breach of contract (third party beneficiary)), and IX (negligence *per se*), and denied summary judgment in all other respects.[2] Order, 10/31/19, at 1.

_____

**(b) Exceptions.—**

(1) If an injury . . . shall occur more than ten and within 12 years after completion of the improvement[,] a civil action . . . within the scope of subsection (a) may be commenced within the time otherwise limited by this subchapter, but not later than 14 years after completion of construction of such improvement.

42 Pa.C.S. § 5536.

[2] Appellants filed a timely motion to vacate and for reconsideration of October 31, 2019 order (motion for reconsideration). On December 2, 2019, the trial court granted reconsideration "to the limited extent that the motion seeks to

- 3 -

In denying summary judgment on the remaining counts, the trial court explained:

> [Appellants] contend that [Appellees'] claims are barred under th[e] statute [of repose], because their action was brought approximately twelve years and two months after the completion of construction. Among other responses, [Appellees] invoke the exception in subsection [5536](b) for injury that occurs in the eleventh and/or twelfth year after the completion of construction. Although it appears that injury first occurred before the eleventh year, [Appellees] have presented evidence that injury also occurred during years 11 and 12, sufficient to raise a genuine dispute of fact on the issue. Because the exception of section 5536(b) may apply, summary judgment under the statute of repose is denied . . . .

*Id.* at 3 n.4.

Appellants timely appealed. Appellants filed a court-ordered Pa.R.A.P. 1925(b) statement and the trial court filed a responsive opinion.

On January 8, 2020, this Court issued a rule to show cause why the appeal should not be quashed as an appeal from a non-final order. Appellants responded that the October 31, 2019 order is appealable as a collateral order. Resp. to Rule to Show Cause, 1/16/20, at 5-12. This Court discharged the rule to show cause and deferred the issue to the present panel. Order, 1/31/20.

Appellees moved to quash on October 29, 2020, and Appellants filed an answer on November 9, 2020. This Court deferred consideration of this issue

---

correct" a typographical error in its October 31, 2019 order, and amended its October 31, 2019 order to enter judgment in Appellants' favor on Count XII (negligence *per se*) instead of Count IX. Order, 12/2/19 (some formatting altered). The trial court denied reconsideration in all other respects. *Id.*

- 4 -

to the merits panel and instructed the parties to address the quashal issue at oral argument.

On appeal, Appellants raise three issues:

1. Did the trial court err by denying summary judgment because [Appellees'] claims are time-barred pursuant to the statue of repose, 42 Pa.C.S. § 5536[(a)], which abolishes a party's cause of action and provides statutorily enacted immunity from suit, since Plaint[i]ffs assert alleged defects in improvements to real property more than 12 years after completion of construction?

2. Did the trial court err by denying summary judgment as [Appellees] did not establish, or raise a factual issue as to any exception to the statute of repose, and by finding a factual issue as to whether [] [42 Pa.C.S.] § 5536(b) applied, as [Appellees] did not identify record evidence to prove that an injury to their home occurred "more than ten and within 12 years" after the completion of construction, and as the Legislature did not intend to extend the statute for two years if an injury is continuing, repetitive or has been happening over and over again, but only for late occurring damage?

3. Whether, at a minimum, the trial court should have granted summary judgment as to all of [Appellees'] claims arising in the first ten years because they are barred by the statute of repose, in that this case was filed more than 12 years from the time of completion of construction, and as the exception in [42 Pa.C.S.] § 5536(b) is limited to late occurring injuries and does not extend the period of repose for claims for prior injuries?

Appellants' Brief at 10 (some formatting altered).

Before reaching the merits of Appellants' issues, we resolve Appellees' application to quash, because the appealability of an order implicates this Court's jurisdiction. *See Jacksonian v. Temple Univ. Health Sys. Found.*, 862 A.2d 1275, 1279 (Pa. Super. 2004). "Whether an order is appealable as

- 5 -

a collateral order is a question of law; as such, our standard of review is *de novo* and our scope of review is plenary." ***Collier v. Nat'l Penn Bank***, 128 A.3d 307, 312 (Pa. Super. 2015) (citation omitted).

Appellees claim that this Court addressed "this exact issue" of whether this type of order is a collateral order in ***Calabretta v. Guidi Homes, Inc.***, 241 A.3d 436 (Pa. Super. 2020). App. to Quash, 10/29/20, at ¶¶ 18-19. According to Appellees, the ***Calabretta*** Court held that an order addressing a similar claim was not a collateral order because it did not satisfy any of the criteria set forth in Pa.R.A.P. 313.[3] ***Id.*** at ¶¶ 20, 24-31.

Appellants summarily counter that ***Calabretta*** is distinguishable because ***Calabretta*** discussed the interpretation of the term "lawfully" as used in Section 5536(a), which is not at issue in the present case. Answer to App. to Quash, 11/9/20, at ¶¶ 22, 25-26, 30. Appellants contend that their issue on appeal is whether the trial court erred in concluding Appellees could invoke the exception to the statute of repose because the trial court found that a genuine issue of material fact exists as to when Appellees' injury occurred. ***Id.*** at ¶ 27. Therefore, Appellants argue that "[a]nalysis of the

_____

[3] Appellees also argue that the trial court's December 2, 2019 order granting reconsideration in part and denying reconsideration in part rendered Appellants' notice of appeal inoperative. App. to Quash, 10/29/20, at ¶¶ 32-37. For the reasons discussed below, we quash on the basis that the trial court's order is not immediately appealable as a collateral order. Therefore, we need not address whether Appellants were required to file a new notice of appeal after the trial court granted reconsideration in part and denied it in part.

issue on appeal [in this case] is separable from the main cause of action."
*Id.*; *see also id.* at ¶ 30 (arguing that "[a] claim to immunity premised on a statute of repose is factually and legally distinct from the merits action when making a collateral order determination" (citation omitted)).  Appellants further assert that there are no factual issues impeding collateral review of the trial court's order.  *Id.* at ¶¶ 21-23, 30.

Additionally, Appellants claim that the trial court's order, "requiring the parties to proceed to trial on a cause of action which has been statutorily abolished in [42 Pa.C.S.] § 5536[(a)], is an issue too important to be denied review at this time."  Appellants' Mem. of Law, 11/9/20, at 12.  Lastly, Appellants argue that "their statutorily enacted immunity from suit for long-completed construction projects . . . would be irreparably lost i[f] they were forced to go to trial . . . ."  Answer to App. to Quash, 11/9/20, at ¶ 29; *see also id.* at ¶¶ 28, 30.

For an order to be appealable, it must be (1) a final order, Pa.R.A.P. 341-342; (2) an interlocutory order appealable by right or permission, 42 Pa.C.S. § 702(a)-(b); Pa.R.A.P. 311-312; or (3) a collateral order, Pa.R.A.P. 313.  This Court has held that "an order denying summary judgment is ordinarily a non-appealable interlocutory order."  *McDonald v. Whitewater Challengers, Inc.*, 116 A.3d 99, 104 (Pa. Super. 2015) (citation omitted)).

Rule 313 of our Rules of Appellate Procedure states:

**(a) General rule.**—An appeal may be taken as of right from a collateral order of a[] . . . lower court.

**(b) Definition.—**A collateral order is an order [1] separable from and collateral to the main cause of action [2] where the right involved is too important to be denied review and [3] the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

Pa.R.A.P. 313.

In ***Shearer v. Hafer***, 177 A.3d 850 (Pa. 2018), our Supreme Court explained that

where an order satisfies Rule 313's three-pronged test, an appellate court may exercise jurisdiction even though the order is not final. If the test is not met, however, and in the absence of another exception to the final order rule, there is no jurisdiction to consider an appeal of such an order.

***Shearer***, 177 A.3d at 857 (citation omitted). Our Supreme Court stressed that appellate courts must "construe the collateral order doctrine narrowly, and insist that each one of its three prongs be 'clearly present' before collateral appellate review is allowed." ***Id.*** at 858 (citations omitted). The ***Shearer*** Court explained "we construe the collateral order doctrine narrowly so as to avoid undue corrosion of the final order rule . . . and to prevent delay resulting from piecemeal review of trial court decisions." ***Id.*** (citations omitted and some formatting altered).

In ***Calabretta***, this Court examined whether an order denying summary judgment based on the statute of repose was appealable as a collateral order. ***Calabretta***, 241 A.3d at 439-42. In that case, several homeowners brought suit alleging construction defects against their homes' builders and seller, which included defendants Guidi Homes and Spring House Farm (collectively,

defendants), who are also the Appellants in the instant case. *Id.* at 438. In response, the defendants "filed a motion for summary judgment seeking dismissal of the [h]omeowners' claims against [the defendants] on the basis that, *inter alia*, the claims were barred by the statute of repose." *Id.* (footnote omitted). The defendants invoked subsection (a) of the statute of repose, which states, in relevant part, "a civil action [to recover damages] . . . brought against any person lawfully performing . . . construction of any improvement to real property must be commenced within 12 years after completion of construction of such improvement . . . ." 42 Pa.C.S. § 5536(a).

The trial court in *Calabretta* granted the defendants' motion in part and denied it in part. *Calabretta*, 241 A.3d at 439. Specifically, the trial court found "'that [because] a genuine issue of material fact exists as to whether the homes were lawfully constructed,' . . . summary judgment could not be entered on the issue of whether the statute of repose" applied to the defendants. *Id.* (citation omitted). The defendants appealed, arguing that the trial court's order was an appealable collateral order. *Id.* at 439-40.

Regarding the first prong of the collateral order test, the *Calabretta* Court stated "an order is separable from the main cause of action if it is entirely distinct from the underlying issue in the case and if it can be resolved without an analysis of the merits of the underlying dispute." *Id.* at 442 (citation omitted). Additionally, this Court observed "[w]here the issue presented is a question of law as opposed to a question of fact, an appellant is entitled to review under the collateral order doctrine; however, if a question

of fact is presented, appellate jurisdiction does not exist." **Id.** (citations and quotation marks omitted).

In **Calabretta**, the trial court held that because the homeowners produced an expert report opining that the defendants did not comply with the applicable building codes, there was a genuine issue of material fact as to whether the defendants "lawfully" constructed the homes, *i.e.*, whether the defendants violated building codes. **Id.** This Court concluded that the order at issue was not separable from the main action because

> [r]esolving the issue presented by [the defendants] concerning the applicability of the statute of repose necessarily involves a determination of fact relating to whether the construction was lawful, which is intertwined with the determination of liability. Thus, our appellate review of [the defendants'] issue would entail a fact-based inquiry that is not appropriate under the collateral review doctrine.

**Id.** at 443 (citation omitted). Therefore, the **Calabretta** Court concluded that the order did not satisfy the first prong of the collateral order test. **Id.** The **Calabretta** Court held that the order was not a collateral order and quashed the defendants' appeal. **Id.** at 444.

Here, Appellees presented the reports of two experts, who opined that the damage to Appellees' home was ongoing and continued past the tenth year after the completion of construction. **See** Trial Ct. Op. at 10-14. As we set forth above, Appellants argued that Appellees' experts failed to establish that the damage complained of occurred in the eleventh and twelfth years after construction. **Id.** at 10. The trial court concluded that because Appellees

raised a genuine issue of material fact regarding whether the injury occurred in the eleventh and/or twelfth year after the completion of construction, it was sufficient to bring this case within the statute of repose's exception. **See** Order, 10/31/19, at 3 n.4; **see also** Trial Ct. Op. at 13.

We disagree with Appellants' assertion that the instant case is distinguishable from **Calabretta** because it does not present the question of whether the Appellants "lawfully" constructed Appellees' home. Here, like in **Calabretta**, the trial court denied summary judgment under the statute of repose because Appellees' expert reports raised a genuine issue of material fact that affects the applicability of the statute of repose. **See** Order, 10/31/19, at 3 n.4. Accordingly, because the trial court's order involves a question of fact that is not separable from the main cause of action, as did the trial court's order in **Calabretta**, we conclude that we lack jurisdiction to review it under the collateral order doctrine. **See Calabretta**, 241 A.3d at 442. To paraphrase the **Calabretta** Court, resolving the issues Appellants present concerning the applicability of the statute of repose necessarily involves a determination of fact relating to when the damage to Appellees' home occurred. **See id.** at 443.

Accordingly, identical to the **Calabretta** Court, the trial court's order is not "entirely distinct from the underlying issue in the case" and the issues Appellants present cannot be resolved without an analysis of the underlying merits of the case, which is not appropriate for this Court pursuant to the collateral review doctrine. **See id.** at 442-43. Therefore, the first prong of

the collateral order doctrine, the order is separable from the main cause of action, has not been met. *See id.* In the absence of one of Rule 313's three prongs, we hold that the October 31, 2019 order is not immediately appealable as collateral order. *See Shearer*, 177 A.3d at 858. Appellants have not asserted any other exceptions to the final order rule, and therefore, we quash. *See id.* at 857.[4]

Application to quash granted. Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/21/21

---

[4] Because we conclude that the trial court's October 31, 2019 order is not appealable as a collateral order, we need not reach the issue of whether the trial court's December 2, 2019 order granting reconsideration in part rendered Appellants' November 27, 2019 notice of appeal inoperative under Pa.R.A.P. 1701(b)(3).