J-A11045-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JOHN J. NICOSIA, JR. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JASON P. COLACHINO, JANINE | : | No. 1436 MDA 2024 |
| COLACHINO, AND D&L REALTY | : | |
| COMPANY | : | |

Appeal from the Order Entered September 13, 2024
In the Court of Common Pleas of Lackawanna County Civil Division at
No(s): 2018-05985

BEFORE:  MURRAY, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:      **FILED: MAY 9, 2025**

Appellant, John J. Nicosia, Jr., appeals from an order entered in the Court of Common Pleas of Lackawanna County, Civil Division, denying his post-trial motion following a non-jury trial in this action to quiet title based on a claim of adverse possession.  After careful review, we quash this appeal.

The relevant facts and procedural history are as follows: On November 8, 2018, Appellant filed a complaint to quiet title against Jason P. and Janine Colachino ("the Colachinos"), as well as D&L Realty Company ("D&L Realty") (collectively "Appellees").  Therein, Appellant indicated his family has owned a house and property at 3** Dwight Avenue in Jermyn, Pennsylvania, since

---

[*] Former Justice specially assigned to the Superior Court.

1973, when his father purchased it. Appellant averred he acquired the home and property at 3** Dwight Avenue from his father's estate in March of 2017.

Appellant alleged there is a parcel of land, which is .49 acres, adjacent to 3** Dwight Avenue, and his family has maintained and occupied this parcel of land ("the subject property") continuously, openly, and exclusively since 1973. Appellant indicated the Colachinos have been attempting to use the subject property, and they claim they purchased the property from D&L Realty. Thus, Appellant filed the instant complaint to quiet title to the subject property based on a claim of adverse possession.

On December 5, 2018, Appellees filed a joint answer with new matter, and on December 11, 2018, Appellant filed an answer to the new matter. On May 6, 2022, Appellees filed a joint motion for summary judgment, as well as a joint brief in support thereof. On June 13, 2022, Appellant filed an answer thereto, as well as a cross-motion for summary judgment. Appellees filed a joint answer to Appellant's cross-motion for summary judgment. By order entered on October 4, 2022, the trial court denied Appellees' and Appellant's motions for summary judgment. Relevantly, the trial court determined there were genuine issues of material fact.

On July 12, 2023, the trial court advised Appellant and Appellees that a status conference would be held on September 6, 2023. On September 11, 2023, the trial court filed an order setting a date for the non-jury trial as well as directing the parties to file proposed findings of fact and conclusions of law.

On January 8, 2024, Appellant filed a pre-trial brief. On this same date, Appellees filed a joint pre-trial brief. Specifically, Appellees averred that D&L Realty acquired title to the subject property in a deed dated March 30, 1992, and D&L Realty properly conveyed the subject property to the Colachinos pursuant to a deed dated June 4, 2020.

On January 8, 2024, the matter proceeded to a bench trial. At the conclusion of all testimony, the trial court indicated it would take the matter under advisement. Thereafter, on April 15, 2024, the trial court filed an order providing as follows:

1. We find in favor of Defendants, Jason P. Colachino and Janine Colachino.
2. The Complaint for adverse possession is DISMISSED.

Trial Court Order, filed 4/15/24, at 1.

On April 25, 2024, Appellant filed a post-trial motion. Therein, Appellant averred, *inter alia*, that the trial court's order failed to address whether D&L Realty properly defended its title to the subject property prior to the alleged conveyance to the Colachinos. Appellant noted the trial court's order did not specifically address whether Appellant's claim of adverse possession was met as to D&L Realty. Appellant contended the trial court should rule in favor of Appellant and against D&L Realty.

On May 13, 2024, Appellees filed a joint brief in opposition to Appellant's post-trial motion. Therein, Appellees argued Appellant did not meet his burden of establishing adverse possession as to the Colachinos or D&L Realty.

By memorandum and order entered on September 13, 2024, the trial court denied Appellant's post-trial motion.

On October 1, 2024, Appellant filed the instant notice of appeal from the September 13, 2024, order denying his post-trial motions. The trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement, Appellant timely complied, and the trial court filed a brief Rule 1925(a) opinion.

On appeal, Appellant sets forth the following issues in his "Statement of the Questions Involved" (verbatim):

1. Did the Trial Court commit an error of law in entering a judgment in favor of the Defendants/Appellees, Jason Colachino and Janine Colachino, when the Appellant properly met the standard for adverse possession?

2. Did the Trial Court commit an error of law in entering a judgment in favor of the Defendants/Appellees, Jason Colachino and Janine Colachino, when the Colachinos did not have any title to the property until after the Appellant had claimed ownership of the Property for more than 21 years, and since the Trial Court made no determination as to Appellee D&L Realty, who did not participate in the trial?

3. Did the Trial Court commit an error of law in not granting the Post-trial Motion based on the fact that there was no contradictory evidence presented by the Defendant as to the adverse possession period in question?

Appellant's Brief at 3 (suggested answers omitted).

Initially, before addressing Appellant's issues, we must determine whether we have jurisdiction in this matter. Appellant questions whether the trial court erred in entering judgment in favor of the Colachinos; however, no judgment has been entered in this matter. Rather, Appellant filed his notice

of appeal from the trial court's September 13, 2024, order, which denied his post-trial motions.

It is well-settled that "the appealability of an order directly implicates the jurisdiction of the court asked to review the order." **Knopick v. Boyle**, 189 A.3d 432, 436 (Pa.Super. 2018) (citation omitted). "Accordingly, this Court has the power to inquire at any time, *sua sponte*, whether an order is appealable." **Id.** (citations omitted). Such an issue raises a question of law; accordingly, our standard of review is *de novo*, and our scope of review is plenary. **Barak v. Karolizki**, 196 A.3d 208, 215 (Pa.Super. 2018).

Generally, "[f]or an order to be appealable, it must be (1) a final order, Pa.R.A.P. 341-342; (2) an interlocutory order appealable by right or permission, 42 Pa.C.S.A. § 702(a)-(b); Pa.R.A.P. 311-312; or (3) a collateral order, Pa.R.A.P. 313." **Ashdale v. Guidi Homes, Inc**., 248 A.3d 521, 525 (Pa.Super. 2021). "It is well-established that in the context of an equity action decided by a trial judge without a jury, an appeal lies from the entry of judgment." **Dovin v. Honey Brook Golf Club L.P.**, 325 A.3d 1282 (Pa.Super. 2024) (quotation marks, quotation, and citation omitted).

Here, as indicated *supra*, judgment has not been entered in this matter, and, thus, Appellant's notice of appeal was premature. **See id.**; **Johnston the Florist, Inc. v. TEDCO Constr. Corp.**, 657 A.2d 511, 514 (Pa.Super. 1995) (*en banc*) (holding an appeal from an order denying post-trial motions

without the entry of judgment on the verdict is interlocutory and this Court is without jurisdiction to hear it).

Further, we conclude the trial court's order is not an interlocutory order appealable as of right under Pa.R.A.P. 311.[1] Additionally, Appellant did not seek permission to appeal pursuant to Chapter 13, relating to interlocutory appeals by permission. *See* Pa.R.A.P. 312. Finally, Appellant presents no averment that the trial court's order is a collateral order under Pa.R.A.P. 313.

For all of the foregoing reasons, we conclude the instant appeal is taken from a non-appealable interlocutory order.[2] Thus, we lack jurisdiction to decide the merits of the issues related to the quiet title action at this time. Accordingly, we quash the appeal.

---

[1] We note that, under Pa.R.A.P. 342(a)(6), "[an] appeal may be taken as of right from the following orders of the Orphans' Court Division: ... (6) An order determining an interest in real or personal property[.]" Pa.R.A.P. 342(a)(6). Here, the instant matter was brought as an action to quiet title in the Civil Division, as opposed to the Orphans' Court Division, of the Court of Common Pleas of Lackawanna County. Simply put, there is no indication this matter pertains to "the administration of an estate, trust or guardianship[.]" Pa.R.A.P. 342, Note.

[2] Further, as Appellant notes, the trial court's order entering verdict following the non-jury trial found "in favor of Defendants, Jason P. Colachino and Janine Colachino" without specifically addressing D&L Realty.

Appeal Quashed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/9/2025